# CARTER v. DARBY.

1. Admissions, or declarations, which have not been acted on by another, nor been productive of injury to him, do not estop the party making them, from showing the truth to be otherwise.

2. If D., on a good consideration, promises W. to pay a sum of money on a note made by W. and C. as his security, to a third party, C. has no right of action against D., upon the failure of the latter to perform his promise to W.

Error to the Circuit Court of Pike. Before the Hon. Geo. Goldthwaite.

THIS was an action of assumpsit for money paid, laid out, and expended, and also for money had and received, brought

by the plaintiff against the defendant. On the trial, it appeared, that the plaintiff and defendant, and two others, were securities on a note for $500, for one White, which was given to the Branch Bank at Montgomery. After the note fell due, White made a parol contract with the defendant, Darby, for the sale of one hundred and twenty acres of land, in consideration of which, the defendant agreed to pay on the note $400. The defendant told Boyd and Stewart, the other securities, that he had bought the land, and was to pay $400 on the note. White, the principal in the note, and Stewart also, informed the plaintiff of the sale to the defendant. The defendant took possession of the land, and occupied it two years, but was not in possession, at the commencement of this suit. It was also shown, that the legal title, to eighty acres of said land, was in the defendant, but the equitable title was in White, and the legal title, to the other forty acres, was in another person, and had never been conveyed to the defendant. At the time of said parol agreement, White was insolvent. Under this evidence, the court charged the jury, that the contract of sale was void, and did not bind the defendant to pay the $400.

The defendant requested the court to charge the jury, that if they believed, from the evidence, that the defendant had told Boyd and Stewart, the other co-sureties, that he had bought the land, and was to pay $400 on the note, and that Boyd and Stewart had informed the plaintiff of the sale, and he had been lulled into security thereby, and had taken no measures to secure himself, then the defendant was estopped from alleging, that the sale was void; which the court refused, and charged the jury, that he was not estopped, unless he had made the promise to the plaintiff to pay the amount of $400 on said note.

To the charges given, and to the refusal to charge as asked, the plaintiff excepted, and now assigns them as error.

BUFORD, for plaintiff in error.

1. Admissions which others have acted on, conclude those making them, and it matters not, if not made directly to the party prejudiced. 1 Greenl. (3d ed.) § 207; Robertson v.

Coker, 11 Ala. 467, and many cases there cited; Brown v. Isbell, ib. 1010.

2. The fact of the legal title to a part of the land being in Darby, (defendant) it is thought distinguishes this from the cases in 8 Ala. 138; 2 Ala. 359; 7 Ala. 347; ib. 129; Johnson v. Hanson, 6 Ala. 351; and most of which conflict with Meredith v. Naish, 3 Stew. 209.

3. The exclusion of the parol evidence of the sale by Darby of a part of the White land, is not waived in assignment of error; we had no possession of the deed, or right to its possession.

HARRIS, contra.

DARGAN, J.—It may be conceded, that inasmuch as the defendant had abandoned the possession of the land, the *contract was annulled, as it was not reduced to writing:* and if the suit was in the name of White, the vendor, on the promise to pay $400, a recovery could not be had. But it is contended, that the admissions made by the defendant, that he had bought the land, and was to pay $400 on the note, operates as an estoppel against him, in favor of the plaintiff, and that he cannot be permitted to show, that the contract was void, and thereby avoid a recovery in this suit. Admissions, which others have acted on, conclude those who made them, and they are estopped, from asserting the truth to the contrary. 1 Greenl. Ev. 207; 2 Starkie, 18. This rule of law is founded on public policy, and accords with sound morality; for if one, by his own admissions, induces another to do a certain act, which he would not have done, if such admissions had not been made, it would be repugnant to justice, to permit the party, after the act is done, to deny the truth of his own admissions, to the injury of the other. So, in the case at bar, had the defendant admitted, before the execution of the note, that he had purchased the land of White, and was to pay on this note $400, he would be precluded from showing, that the contract of sale was void, or that he was not bound to pay it.

But I do not understand, that admissions, or declarations, which have not been acted on by others, nor been productive

of injury to them, can preclude the party making them, from showing the truth to be the contrary. It is not a breach of good faith, nor contrary to public justice, for a party to controvert the truth of his admissions, if they have not influenced the conduct of others, nor been productive of injury to them. 1 Greenl. Ev. § 209. Applying these rules to the case before us, we can perceive no error in the record. The note was executed by the plaintiff, before the defendant stated, that he had bought the land of White, and was to pay $400 on the note; nor is it shown, that these admissions had any influence on the plaintiff, in preventing him from pursuing a course of conduct, that would have enabled him to protect himself, by obtaining security from White; indeed, it is shown, that White was insolvent at the time the admissions were made. They neither induced the plaintiff to do, or not to do, any act, nor do we see that they have in any manner injured him.

But it would be difficult to perceive how the plaintiff could maintain this action on the promise of the defendant, as shown by the proof, even if it was a binding contract. The promise was made to White, that he would pay $400 on a note held by the bank at Montgomery, to which White was principal, and the plaintiff, and others, were securities. In Huckabee v. May, 14 Ala. 263, the debtor of Huckabee sold to May his property, and May stipulated, that he would pay the debt to Huckabee; we held, that Huckabee could maintain a suit for money had and received, and that May must be considered as having so much money for his use. So, if the bank had been informed of this contract, and had assented to it, by bringing the action, a recovery could have been had, if the contract had been obligatory; but is very clear, that the plaintiff could not sue on this promise, at the time it was made, for at that time, White was not indebted to him, and no cause of action accrued to him, when the promise was made; nor can he be substituted to the right of action of the bank, by paying the debt, or which White had, if *he* had paid the debt to the bank. The rules of pleading require, that the action shall be brought in the name of him to whom the promise was made, or in whom, the legal right of action is vested. The promise was not made to the plaintiff, nor did

the consideration move from him, and he cannot be substituted, at law, to the right of action of another.

There is no error in the ruling of the court, and the judgment must be affirmed.