## HOPPER, Adm'r, vs. McWHORTER.

1. The undivided interest of each of several donees in personal property, in the hands of a common bailee, is not a chose in action, but property in possession.

2. The personal property of the wife in possession passes to her husband by the marriage, and if her interest be that of a tenant in common with others, the husband becomes a tenant in common in her stead.

3. The mere fact that an administrator, entitled as such to an undivided interest in slaves, is present at a division of them, and permits the share, which he should have received, to be allotted and delivered to a third person, will not operate as a divestiture of his title, and estop him from afterwards asserting it.

ERROR to the Circuit Court of Montgomery. Tried before the Hon. Sam'l Chapman.

THIS was an action of trover brought by the plaintiff in error as the administrator of John L. Flowers, deceased, against the defendant in error to recover damages for the conversion of a negro woman, named Celia, and her two children. The negroes in controversy are a portion of the natural increase of others that were given in 1831 by John Thomas to Eleanor Todd, Margaret Todd, Dorothy Todd, and Nancy Todd, children of Robert Todd, deceased, to be equally divided among them. Mrs. Todd, the mother of the donees, received possession of the slaves from Thomas, the donor, at the time of the gift, and retained it from that time until the month of November 1846, when by consent of the donees the slaves were divided, and those in controversy allotted and delivered to the said Eleanor. Whilst the slaves were in the possession of Mrs. Todd, Eleanor intermarried with one John T. Pratt, who died in July 1844, and in May 1846, she married John L. Flowers, the plaintiff's intestate, who died in December 1846, about one month after the division above mentioned. The administrator of Pratt was present at the division of the slaves and made no objection to Eleanor's share being delivered to her. The question was whether the title was in the estate of Pratt, the first, or in that of Flowers, the second husband of Eleanor. The court charged the jury that if they believed the whole of the evidence,

the plaintiff had not shown such a title in his intestate as would enable him to recover, to which charge the plaintiff excepted, and now assigns it as error.

WILLIAMS and BELSER, for the plaintiff:

1. The gift is a perfect one—(Durrett v. Sew, 2 Ala. 669) —and Mrs. Todd was a trustee raised up by the donor to protect the property for the infants.

2. Shepherd, the administrator of Pratt, released the estate's interest in the negroes sued for.—Murray v. Blatch, 1 Wend. 583; Doug v. Satterlie, 11 Johns. 24; Jones v. Deyer, 16 ib. 227.

3. The parties having made the division in 1846, they only, it is to be presumed, did that which the law would have done for them, and it will not be disturbed.—Lavender v. Lee, 14 Ala. 688; Brad v. Gold, 15 ib. 311.

4. The marital rights of Mr. Flowers attached on the negroes after the division, if not at the date of the marriage.—Whitt v. Whitt, 1 Dev. 310; Pett v. Beas, 4 ib. 512; Machen v. Machen, 15 Ala. 377.

WATTS, for the defendant:

1. The deed of gift made by Thomas vested the legal title of the slaves in the donees, and upon the marriage of one of them, Eleanor, with Pratt, her share in that property became *eo instanti* vested in him, by virtue of the marriage.—See McGee v. Toland, 8 Port. 36, and the authorities there cited; King v. Broome, 10 Ala. 819; Pitts v. Curtis, 4 ib. 350; Machen v. Machen, 15 ib. 373. .

2. The possession of Mrs. Todd, the mother of Pratt's wife, was that of a bailee, and did not change the wife's right into a chose in action. The possession of the bailee is that of the bailor.—McGee v. Toland, *supra.*

3. Upon the death of Pratt, his right to the property vested in his administrator, and he can now recover it—(see Kelly v. Kelly, 9 Ala. 908; Upchurch v. Norsworthy, 12 ib. 532; Brasher v. Williams, 10 ib. 630)—and if so, there is no right of recovery in the present plaintiff.

PARSONS, J.—It is clear that the possession of Mrs. Todd was the possession of her daughter. They were minors when the deed conveying the slaves to them was executed by

Thomas, and the delivery of the slaves to Mrs. Todd, the mother of the donees, could not convert their rights into a chose in action.—McGee v. Toland, 8 Port. 36; Broome et al. v. King, 10 Ala. 819. Nor can it make any difference that the rights of the donees under the deed from Thomas were joint at the time of the marriage of John T. Pratt with Eleanor, one of the donees, and that no division took place until after his death; for it is the settled rule that the personal property of the wife in possession passes to the husband by the marriage, and if her interest be that of a tenant in common with others, the husband becomes a tenant in common.—Chambers v. Perry, 17 Ala. 726, and cases there cited; Hyde v. Stone, 9 Cow. 230. Pratt therefore by his marriage became entitled to her undivided interest or share in the slaves, which on his death was transmitted to his administrator. But it is contended that the administrator of Pratt is estopped from claiming title to the share allotted to Mrs. Pratt after the death of her husband. The facts relied on as creating the estoppel are these: After the death of Pratt, the slaves were divided between the donees, and the share to which his administrator was entitled was delivered to Mrs. Pratt. The administrator was present at the division and made no objection to Mrs. Pratt receiving the share allotted to her; but he, having also married one of the donees, received the portion allotted to his wife. We can perceive none of the qualities of an estoppel in this. Mrs. Pratt, who received the slaves to which her husband's administrator was entitled, gave nothing for them. The administrator made no representations which it would be inequitable for him to disregard; nor, so far as we see, did he say or do any thing in reference to the division, but simply permitted the share, to which he as administrator of Pratt was entitled, to go into the possession of his widow. This could not operate as a divestiture of his title Consequently the plaintiff has failed to show a title to the slaves, and the judgment must be affirmed.