# Romano *v.* Brooks.

*Action for Deceit in the Sale of Merchandise.*

1. *Pleading; counts ex delicto and ex contractu cannot be joined in the same complaint.*—A count for deceit in the sale of merchandise cannot be joined with a count for the breach of a contract of sale.

2. *Agency; what facts sufficient to authorize the inference of agency.*—Proof that an alleged agent sold merchandise and that thereafter without any communication between the purchaser and the alleged principal the merchandise was shipped by the alleged principal to the purchaser, while not sufficient to justify a witness in testifying as a matter of fact that the alleged agent was the agent of the principal, is sufficient to permit the inference by a court or jury that the alleged agent was the agent of the alleged principal and was acting as such in the transaction, and therefore in a suit to recover for deceit practiced in the sale of said merchandise it is error to exclude the representations of such agent made to the purchaser as to the quality of the merchandise so sold.

APPEAL from Bessemer City Court (Law.)

Tried before the Hon. W. F. PORTER, Special Judge.

This was an action for deceit in the sale of a car-load of oats made by the defendant's agent to the plaintiff's agent, to which was also joined a count for breach of the contract of sale. In the first count of the complaint the plaintiff claimed of the defendant "the sum of $60.00 for deceit in the sale of one car load of oats which the defendant at the time of the sale represented to be Standard Texas Rust proof oats and sound, and which at the time of the sale defendant knew not to be the quality represented, and also to be unsound."

In the third count of the complaint as amended the plaintiff claimed of the defendant "the sum of $60.00 damages for breach of a contract in this, that on or about the 1st day of September, the defendant for a

valuable consideration agreed to sell and deliver to plaintiff in Bessemer, Alabama, one car-load of sound Texas Rust proof oats, and plaintiff relying on the agreement paid to the defendant the consideration he agreed to pay him for the kind of oats he had bought, but defendant breached the contract in this, to-wit:

First. Because the oats delivered to the plaintiff was not the Texas Standard Rust proof.

Second. Because the oats delivered to the plaintiff was unsound.

And plaintiff avers that as a result of the breaching of the contract aforesaid he was damaged in the sum aforesaid, hence this suit."

The other facts sufficient for an understanding of this case are stated in the opinion.

TROTTER & O'DELL, for appellant.—Cited Benjamin on Sales, volume 2, 6 Am. Edition pages 824 to 828; Storey on Agency, 7 Edition, Sections 134 to 139; *Gachet v. Warren,* 73 Ala. 288; *Gaines v. McKinley,* 1 Ala. 446; *Bradford v. Bush,* 10 Ala. 386; *Cocke v. Campbell,* 13 Ala. 286; *Herring v. Scraggs,* 62 Ala. 180; *Englehardt v. Clanton,* 83 Ala. 836; *Dixon v. Barkley,* 22 Ala. 370; Ency. of Pleading & Practice, volume 8, page 910; Ency. of Pleading & Practice volume 4, pages 754 and 915.

J. A. ESTES and W. K. SMITH, *contra.*

DOWDELL, J.—One of the grounds of demurrer which the trial court sustained to the complaint, was for a misjoinder of causes of action. The first count, which claimed damages for deceit in the sale of a car load of oats was in case, while the third count, both as originally filed and as amended, counted on a breach of contract in the sale. This constituted a misjoinder of causes of action that made the complaint subject to the demurrer interposed and the court so properly ruled. The cause was then tried, as the judgment recites, on the first and second counts, by the court without a jury. The first count, as above stated, was for deceit in the sale of the oats; the second count was for breach of warranty

in the sale. To these counts the general issue was pleaded.

Sam Romano, the brother of the plaintiff testified, that he, acting for the plaintiff, purchased the car load of oats in question from one Guinn, who, plaintiff claimed, acted as the agent of the defendant in the sale. The plaintiff sought to show by this witness the representation made by the said Guinn in the sale, to which the defendant objected until the agency of Guinn, and his authority as such agent to bind the plaintiff, was first shown. Against this objection, but with the understanding, however, that unless the plaintiff should show the agency of Guinn, the same was to be subsequently ruled out, the witness was permitted to testify that Guinn repreented the oats to be Texas Standard Rust-Proof oats and sound, and further, that the oats turned out not to be standard rust-proof oats and were unsound. This witness further testified that Guinn was the agent of defendant, but on his cross examination, it was shown that this was only the conclusion of the witness, for when asked how he knew that Guinn was the agent of Brooks, he answered, "Because I bought them from Guinn, and they were shipped direct from Brooks." It was not permissible for the witness on this evidence, to state as a fact that Guinn was the agent of Brooks. The oats were as the testimony of this witness showed, billed and shipped direct to the plaintiff, and a draft drawn with the bill of lading attached. One other witness, Rarden, testified to having purchased oats the same year from the defendant, but could not say that he purchased through an agent, though probably he may have bought through Guinn. On motion of the defendant, the court excluded all the evidence of the agency of Guinn, and all evidence as to the representations made by him, and rendered judgment in favor of the defendant.

The evidence being that the plaintiff bought the oats from Guinn, and that Brooks shipped the oats to plaintiff with draft for the agreed purchase price attached to bill of lading, it was open to the inference that Guinn was acting as the agent of Brooks in the sale of the oats,

and this being true, it was erroneous to exclude the evidence as to the representations made by Guinn. With this evidence in as to the representations made by Guinn, we cannot affirm that the trial court would have rendered a judgment in favor of the plaintiff. Under the principle laid down in *First National Bank v. Chaffin, et al.,* 118 Ala. 246, the exclusion of the evidence as to the representations made by Guinn constitutes error for which the judgment of the trial court, although the case was tried without a jury, must be reversed.

Reversed and remanded.

McCLELLAN, C. J., HARALSON and TYSON, J.J., concurring.