# Brooks *v.* Romano.

## *Attachment.*

(Decided Dec. 20th, 1906. 42 So. Rep. 819.)

1. *Actions; Misjoinder; Tort and Contract.*—A complaint containing two counts, one for deceit in the sale of goods, and one for a breach of warranty of soundness made on the sale of the goods, is demurrable for a misjoinder of the counts; the first count being case, and the other assumpsit.

2. *Election of Remedies; Sale; Breach of Warranty.*—Plaintiff purchased of the defendant certain goods, and on examination found that they were of inferior quality, and of a different kind contracted for, whereupon plaintiff declined to receive the goods, and so notified defendant. Defendant refused to refund the money paid for them, and refused to take the goods

back. Plaintiff then took the goods and sued for damages. Plaintiff did not by such action, elect a remedy and thereby estop himself to maintain this action.

APPEAL from Bessemer City Court.

Heard before Hon. WM. JACKSON.

Action by Mike Romano against George W. Brooks. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This action originated in an attachment proceeding in the justice court, and was removed to the city court, where it was tried upon the following complaint: "Count 1. The plaintiff claims of the defendant the sum of sixty dollars damages for deceit in the sale of one car load of oats, which the defendant at the time of the sale represented to be standard Texas rust proof oats and sound, and which at the time of the sale the defendant knew not to be the quality represented and also to be unsound. Count 2. Plaintiff further claims of the defendant the sum of sixty dollars for the breach of warranty in the sale of one car load of oats by him to the plaintiff on or about, to-wit, the first day of September, 1899, which the defendant warranted to be Texas standard rust proof oats and sound, when in fact the oats were greatly damaged, unsound, and not of the quality sold."

The defendant interposed the following demurrer to this complaint: "(1) Because there is a misjoinder of counts, in that count 1 is in tort for deceit, and count 2 is ex contractu for a breach of a warranty." This demurrer being overruled, the defendant filed two pleas of the general issue, and the following special pleas: "(3) That before the commencement of this suit the plaintiff, under the law, had the right to elect, if there was deceit practiced on him as averred in the complaint, as to whether or not he would rescind the contract of sale and reclaim what he had paid for the car load of oats, or retain them and sue for damages; and defendant avers that the plaintiff did elect to rescind, and did rescind, the contract and reclaim what he had paid for the oats in a reasonable time after the sale. Wherefore defendant avers that the plaintiff, having made the election before the commencement of the suit, is estopped

from maintaining this suit against the defendant. (4) That before the commencement of this suit the plaintiff, under the law, had the right to elect within a reasonable time, if there was a breach of the contract of sale, or fraud in the sale that amounted to a breach of warranty, as to whether or not he would rescind the contract of sale and reclaim the amount he had paid on the oats, by returning or offering to return the property to the defendant, or retain them and sue for the breach of the contract for damages; and defendant avers that before the commencement of this suit the plaintiff did elect to rescind the sale, and did rescind the contract, and claimed a return of the amount he had paid to plaintiff for the property, and that he did this within a reasonable time, and therefore defendant avers that the plaintiff is estopped from maintaining this suit against the defendant. (5) That before the commencement of this suit the plaintiff had the right to elect within a reasonable time after making the purchase, if there was a breach of the warranty or the contract of sale, or if there was fraud or deceit practiced on the plaintiff by the defendant in the sale of the oats, as to whether or not he would rescind the contract, or accept and retain the goods and sue for damages; and defendant avers that before the commencement of this suit, and before the plaintiff received the oats in question, he did elect to rescind and did rescind the sale and claim the return of what he had paid for the oats within such reasonable time, and defendant avers by reason thereof that the plaintiff is estopped from maintaining this action against the defendant."

Demurrers as follows were interposed to these pleas: "(1) Pleas do not set out how plaintiff elected to rescind the sale or contract, whether by suit previously entered or not. (2) Said pleas do not aver that the plaintiff returned the goods and defendant accepted them. (3) Because said pleas do not aver that the defendant agreed to accept a rescission of the sale by the plaintiff. (4) Because the pleas do not in fact show that there was an election to rescind, in that they do set out facts showing that the goods were not kept and disposed of by the plaintiff."

[Brooks v. Romano.]

These demurrers were sustained. The facts upon which the opinion is rested sufficiently appear from the pleadings above set out and the statement of facts in the opinion.

ESTES, JONES & WELCH, for appellant.—The action of appellee amounted to a rescission of the sale and re-invested the title of the oats in Brooks and the right to the price in Romano.—*Hayes v. Woodham*, 40 South. 511; *Rand v. Oxford*, 34 Ala. 476. It is not necessary for the suit to be instituted before a rescission.—*Thompson v. Harvey*, 86 Ala. 510.

TROTTER & ODELL, for appellee.—The presumption is that the second count is like the first and is in tort.— 21 Ency. P. & P. p. 656. Both counts are in tort.— *Prout v. Webb*, 87 Ala: 593; *Hallack v. Powell*, 2 Caine (N. Y.) 216; *Nicholas v. Miles*, 6 Johnson, 137.

DENSON, J.—This is the second appeal in this cause. See 142 Ala. 514, 39 South. 213. On the first trial the complaint contained three counts, and a demurrer was sustained for a misjoinder of counts. Judgment was rendered for the defendant on the first trial, from which the plaintiff appealed, and here assigned as one ground of error the ruling of the court sustaining the demurrer to the complaint for misjoinder. In response to this assignment of error, we said: "This first count, which claimed damages for deceit in the sale of a car load of oats, was in case, while the third count, both as orignally filed and as amended, counted on a breach of contract in the sale. This constituted a misjoinder of causes of action that made the complaint subject to the demurrer interposed." That was sufficient for the occasion, and the purposes of the court at the time.. The nature of the second count in the complaint was not discussed or determined, the exigencies of the case did not require that it should be determined, and the court could not anticipate a return of the case, presenting the question now before us. On the trial of the cause. after the reversal and remandment, the court allowed the defendant to plead over, and he demurred to the complaint on the ground of misjoinder

with respect to the first and second counts; the third count having been eliminated. The court overruled the demurrer. Judgment was rendered in favor of the plaintiff. Defendant appealed, and here assigns the ruling of the court overruling the demurrer to the complaint as error.

As has been shown, the first count claims damages for deceit in the sale of a car load of oats; while the second counts for recovery on a breach of warranty in the sale. A warranty is nothing more nor less than a contract, and may arise by implication or exist by express agreement. The second avers no breach of duty imposed by the contract of warranty, nor is any deceit averred in promising that the oats were sound. It is obvious that breach of the contract of warranty, and not fraud or deceit, is the gravamen of the second count. Consequently the count is ex contractu, and the court erred in overruling the demurrer.—*Romano v. Brooks,* 142 Ala. 514, 39 South. 213; *Whilden v. Merchants' & Planters' Nat. Bank,* 64 Ala. 1, 38 Am. Rep. 1; *Chambers v. Seay,* 87 Ala. 558, 6 South. 341; *Capital City Waterworks Co. v. City Council of Montgomery,* 92 Ala. 366, 9 South. 343; *Western Union Tel. Co. v. Krichbaum,* 132 Ala. 535, 31 South. 607; *Benningsgaye v. Ralphson,* 2 Show. 250, pl. 256. The case of *Prout v. Webb,* 87 Ala. 593, 6 South. 190, cited by appellant's counsel, in no wise conflicts with what we have said. Two cases from New York have been cited by appellee. It is shown in the case of *Evertson's Ex'rs v. Milas,* 6 Johns. (N. Y.) 138, the two counts in the case of *Hallock v. Powell,* 2 Caines (N. Y.) 216, the first of the New York cases cited, were for deceit, "the one in warranting a distempered horse to be sound, and the other for a like deceit in promising that he was sound." And the court in 6 Johns. 138, said: "The gist of the action, then, was the deceit, and not the contract." And this, of course, warranted the holding there that there was no misjoinder. See, in further criticism of the case, *Lovett v. Pell,* 22 Wend. (N. Y.) 370 The case of *Evertson's Ex'rs v. Miles, supra,* may be relied on as authority in support of, rather than against, the conclusion we have reached.

[Brooks v. Romano.]

The car of oats was shipped to the plaintiff, and a bill of lading, with a draft for the purchase money attached, was forwarded to a local bank. Before the carrier would deliver the oats, or allow the plaintiff to examine them, he was required to pay the draft. On examination of the oats they were found to be of an inferior quality, and of a different kind from those contracted for. The plaintiff thereupon declined to remove them from the car, and informed the defendant, who resided in Atlanta, Ga., that he would not accept them, that they were not 'as ordered," that he could not use them at all, that they were on the railroad track subject to the defendant's order, and he (plaintiff) would not move them. He also drew on the defendant through the Bessemer Savings Bank for the amount he had been required to pay for the oats, and notified the defendant of his draft. The defendant refused to refund the money paid by the plain⁻ tiff, and refused to take the oats back. The plaintiff then took the oats and instituted this suit. These facts were set up in special pleas by the defendant in answer to the action, upon the theory of election of remedies and estoppel in pais. The court sustained the demurrers by the plaintiff to the pleas, but on the trial, which was before the court without a jury, the defendant had the benefit (under the general issue) of the matters set up in pleas. The judgment of the court is assigned as error by the defendant, as is also the ruling of the court on the demurrers to the pleas. In this state of the case, ordinarily, we would not discuss the defense brought forth by the pleas; but, as a reversal must follow for the error already pointed out, it is important, for the purposes of another trial, that we determine the merits of the defense.

No other suit than the one here being prosecuted has been instituted by the plaintiff, so it seems clear that the only remedy chosen by the plaintiff is the one involved in this action. "Although acts prior to the actual commencement of legal proceedings indicate an intention to rely upon one remedial right, yet they do not constitute an election which will preclude the subsequent prosecu-

20

[Brooks v. Romano.]

tion of an action or suit based upon an inconsistent remedial right, unless the acts constitute an estoppel in pais. 15 Cyc. p. 260, E, and authorities cited in note 58; *Orman v. Lane*, 130 Ala. 305, 30 South. 441; *Hunnicutt v. Higginbotham*, 138 Ala. 472, 35 South. 469, 100 Am. St. Rep. 45. What is said in *Thompson v. Harvey*, 86 Ala. 519, 5 South. 825 (the authority relied on by the defendant), does not militate against what we have here said. If the plaintiff here had sued for the money back that he had paid, it would have been necessary for him to have shown a rescission or an offer to rescind. And it is true, as was said in that case, "an offer to return the chattel in a reasonable time, on the breach of warranty, or where fraud has been practiced on the purchaser, is equivalent, in its effect upon the remedy, to an offer accepted by the seller, and the contract is rescinded." But here the defendant declined to accept the offer, and he certainly should not be allowed to say, in the face of such a declination, there was a rescission. To constitute a rescission in fact, it required the concurring assent of both parties.—*Robinson & Ledyard v. Pogue*, 86 Ala. 257, 5 South. 685. "In order to create an estoppel in pais, the party pleading it must have been misled to his injury; that is, he must have suffered a loss of a substantial character or have been induced to alter his position for the worse in some material respect."—16 Cyc. p. 744; *Moore v. Robinson*, 62 Ala. 537; *Hopper v. McWhorter*, 18 Ala. 229; *Carter v. Darby*, 15 Ala. 696, 50 Am. Dec. 156; *Adler v. Pin*, 80 Ala. 351. It is manifest, from the facts of this case, that, in the light of the principle above stated, the defendant cannot invoke the doctrine of estoppel; and we are at the conclusion that the doctrines of election of remedies and estoppel are not applicable, and the evidence failed to make good such defense.

It is not necessary to the trial of the cause on remandment that we should consider the rightfulness or not of the judgment of the court on the facts. For the error pointed out, the judgment of the court must be reversed, and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Haralson and Simpson, JJ., concur.