# Higdon *v*. Garrett.

## *Trespass and Trover.*

(Decided May 14, 1912. 59 South. 309.)

1. *Estoppel; Representations Unknown.*—Where the sheriff did not know of any disclaimer of title made by plaintiff, and hence, could not have relied thereon, he is not entitled to claim such estoppel as against the plaintiff suing in trespass and trover.

2. *Appeal and Error; Harmless Error; Pleading.*—Where the matter pleaded in the special plea is available to the defendant under his plea of the general issue interposed, any error in sustaining demurrer to the special plea is harmless.

3. *Same; Review; Objections Below.*—Under section 4143, Code 1907, a complaint in trespass and trover will not be held bad on appeal for failure to show any breach of duty by defendant as sheriff, in which capacity he was sued, where the caption shows that he was sued in that capacity, and no demurrer was filed to the complaint specifying the objection.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Mrs. W. J. Garrett against E. L. Higdon, as sheriff, in trespass and trover. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count claimed damages for the wrongful taking of the following goods and chattels, the property of the plaintiff, on, to-wit, the 21st day of December, 1907, to-wit: 12 mattings, 14 tables, a lot of rugs, a lot of curtains, 4 rocking chairs, 56 chairs, 1 hatrack, 1 water cooler, 11 dressers, 11 wash stands, 25 bedsteads, 25 bed

springs, 25 mattresses, 12 bowls and 12 pitchers, a lot of shades, 2 heaters, 1 safe, 1 refrigerator, 1 stove, a lot of dishes, knives and forks, 6 table covers, a lot of table napkins, a lot of window and door screens, 24 blankets, 23 counterpanes, 22 pairs of sheets, 29 feather pillows, and 50 quilts. Count 2 was for the conversion of the above articles alleged to be the goods and chattels of plaintiff. The amended third plea is as follows: "And for further answer to said complaint and each and every count thereof, separately and severally, defendant pleads specially that before the bringing of the suit for rent by Mrs. Nora E. Miller against Mrs. W. H. Greene in the city court of Birmingham, on, to-wit, the 21st day of December, 1907, and the issuing and levying of the attachment on the goods sued for, plaintiff in this cause informed the agent or agents of Mrs. Nora E. Miller, plaintiff in said attachment suit, that she retained no title to the goods, whereupon Mrs. Miller instituted said attachment suit for rent due on the two-story brick building No. 1820-22 Fifth avenue, Birmingham, Ala., amounting to the sum of $246.50, thereby incurring the expense and trouble incident thereto, which she would not have incurred but for said representations made to her, her agent or agents as aforesaid, and this defendant as such sheriff levied said attachment on said property, and has not illegally disposed of same, and plaintiff is thereby estopped from bringing this action, and defend-ant avers that he is not liable herein."

JAMES W. STROTHER, for appellant. The complaint was wholly lacking in any averment that will render defendant liable in his official capacity, and hence, does not state a cause of action that will support a judgment, and this is true even though no objection was taken to it in the court below.—*L. & N. v. Williams,* 113 Ala.

402; *Linan v. Jones,* 134 Ala. 570; *Trot v. Bir. Ry.* 144
Ala. 383; *Chilton County v. State ex rel.* 146 Ala. 439.
The plaintiff was estopped by her acts disclaiming title
to ·the property.—*Chancellor v. Law,* 148 Ala. 511;
*Wefel v. Stillman,* 151 Ala. 249; *Richards v. Shepherd,*
159 Ala. 663. Under these authorities, it is insisted that
the court erred in overruling demurrers to the com-
plaint, and in sustaining demurrers to defendant's plea.

L. J. HALEY, JR., for appellee. There is nothing in
the first contention urged by appellant as the suit was
against the sheriff and not against him and his bonds-
men, and the objection here sought to be urged was not
urged below.—*Lucas v. Pittman,* 94 Ala. 616. One count
in a complaint can refer to and adopt the allegations of
another count in the same complaint.—3 Ala. 103; 8
Ala. 93; 24 Ala. 174; 137 Ala. 491. No estoppel was
shown.—21 Ala. 426; 3 Mayf. 424; 11 A. & E. Enc. of
Law, 433.

WALKER, P. J.—The complaint contained two
counts, each of them following a form prescribed by the
Code, the first being for trespass in taking personal
property, and the second for conversion. There can be
no question as to each of the counts alleging a cause of
action, as each of them avers a breach of duty in a
manner made sufficient by statute.—Code, § 5382, Forms
23 and 24. The suggestion is made in the argument of
the counsel for the appellant that the complaint was
subject to objection because of its failure to show any
breach of duty by the defendant as sheriff, though the
caption of the complaint showed that the suit was
against him in his official capacity. The demurrer
to the complaint did not specify any objection to it on
this ground. The record does not show that the de-

fendant raised any question in the trial court as to the capacity in which he was sought to be charged with liability. As the complaint contained a substantial cause of action, the judgment on it cannot be reversed or set aside for matter not objected to in the trial court.— Code, § 4143. The suit was against the sheriff alone, and the record involves no question of the liability of the sureties on his offiicial bond for the breach of duty complained of. There was no insufficiency in the description of the property alleged in the complaint to have been converted, as suggested in one of the grounds of demurrer to it.—*Hooper v. Dorsey, infra.,* 58 South. 951. The court was not in error in overruling the demurrers to the complaint.

The defendant's second plea embodied a denial that the plaintiff had any claim to the property the subject of the suit. He could not have been prejudiced by the action of the court in sustaining the demurrers to that plea, as the state of facts set up by it was available to him under his plea of not guilty.

The defendant's third plea as it was amended was subject to the demurrer interposed to it. Its averments did not show that the defendant, at or before the time of his seizure of the property in question, was informed of the alleged disclaimer by the plaintiff of title to that property, or that his conduct with reference to it was induced or influenced by any act or statement of the plaintiff. He was not entitled to base a claim of estoppel upon conduct of which he was not informed and upon which he could not have relied.—*Brooks v. Romano,* 149 Ala. 301, 42 South. 819; *Alabama Fertilizer Co. v. Reynolds,* 85 Ala. 19, 4 South. 639; 8 Ency. of Pleading & Practice, 11.

Affirmed.