(76 South. 478)

SOUTHERN RY. CO. v. SLATON.
(1 Div. 221.)

(Court of Appeals of Alabama. June 12, 1917.)

1. APPEAL AND ERROR ☞721(2)—JOINT ASSIGNMENT.

To sustain a joint assignment of error that the court erred in sustaining demurrers to six pleas filed by defendant, it must appear that all the pleas were good, and not subject to demurrer.

2. PLEADING ☞194(4)—PLEA AVAILABLE UNDER GENERAL ISSUE.

The trial court properly sustained demurrer raising the point that a plea was a mere traverse of the complaint, available to defendant under the general issue, which was pleaded; the plea being of such a character.

3. TRIAL ☞260(1)—INSTRUCTIONS—REPETITION.

Charges, either fully or substantially covered by given charges, and also by the court's oral charge, were properly refused.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Action by Joe Slaton against the Southern Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Q. W. Tucker, of Grove Hill, for appellant. T. J. Bedsole, of Grove Hill, for appellee.

BRICKEN, J.    Action for the death of a cow. The first count of the complaint charges a failure to deliver; the other three counts charging negligence in the handling of the appellant's train transporting the carload of cattle, in which the cow was, with resultant loss of the cow by death while in transit.

[1] The first assignment of error is that the court erred in sustaining demurrers to pleas 1, 2, 3, 4, 5, and 7 filed by defendant. This is a joint assignment, covering several rulings of the court; and, in order to sustain this assignment, it must appear that all the pleas were good, and not subject to demurrer. In other words, if any of the pleas were bad, and subject to the demurrers interposed, the assignment of error is not sustained. Brown v. Shorter, 71 South. 103.[1]    Some of these

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 195 Ala. 692.

pleas, notably pleas 1 and 2, were subject to the demurrers interposed. N., C. & St. L. Ry. v. Hinds, 5 Ala. App. 596, 59 South. 670; Supreme Court, 178 Ala. 657, 59 South. 669.

[2] The next assignment challenges the rulings of the court in sustaining the demurrers to pleas 1 as amended and plea B. The latter plea (B) is a mere traverse of the complaint, available to the defendant under the general issue, which was pleaded, and the court properly sustained the demurrer raising that point. Higdon v. Garrett, 5 Ala. App. 467, 59 South. 309. Hence this assignment of error is not sustained. The evidence in the record authorized and required that the issues litigated should have been submitted to the jury, and the court properly refused charge 2, which was the affirmative charge for the appellant.

[3] Charge 3 was fully covered by charge 1, and also by the court's oral charge. Charge 4 was fairly and substantially covered by given charge A, and also by the oral charge of the court.

No error appearing, the judgment of the lower court is affirmed.

Affirmed.