186 So.2d 125

UNITED INSURANCE COMPANY OF AMERICA

v.

Gardie F. POUNDERS.

8 Div. 149.

Supreme Court of Alabama.

Nov. 18, 1965.

Rehearing Denied March 3, 1966.

Further Rehearing Denied May 19, 1966.

H. Neil Taylor, Russellville, for appellant.

Guin, Guin & Cleere, Russellville, for appellee.

PER CURIAM.

We conclude on application for rehearing that we should, and we do, withdraw the original opinion and substitute this pronouncement which we think responds to the issues presented on this appeal. We adhere to approved appellate procedure under the rules and decisions of this Court.

The plaintiff-appellee recovered judgment on his amended complaint against defendant on a disability insurance contract between them for the present value of remaining disability payments alleged to be due before suit was filed in the Circuit Court of Franklin County. It is alleged that such payments were accelerated as a result of defendant's wrongful renunciation of the insurance contract. This ap-

peal is from a judgment for the present value of such future installments.

We herewith seriatim discuss each of appellant's assignments of error. Assignment 1 is as follows:

"1. The court erred in overruling the demurrers of the defendant to the complaint."

The grounds of the demurrer here asserted as having merit are as follows:

"1. The complaint does not state a cause of action.

"2. The contract sued on is not sufficiently set forth as to apprise the defendant of what he is called on to defend against.

"6. It affirmatively appears that the contract does not provide for an acceleration of payments for an anticipated breach of the policy."

■ No other grounds having been asserted as having merit, they are waived and will not be considered. Hartford Fire Ins. Co. v. Clark, 258 Ala. 141, 61 So.2d 19[12].

■ Grounds 1 and 2 of the demurrer, supra, are general and present nothing for review. We held in Bright v. Wynn, 210 Ala. 194, 97 So. 689[2], that a demurrer with assignment that the complaint fails to state a cause of action is too general; it should be specific as to defects, and the court will not be put in error for overruling general assignments of demurrer. Section 236, Title 7, Code of 1940. See also 16 Ala.Dig., Pleading, ⊖201.

The gravamen of the complaint is that the benefit payments obligated by the policy for payment in the future were accelerated to maturity by defendant who "wrongfully and tortiously and without just cause or good excuse undertook in writing to cancel plaintiff's said policy of insurance, and thereby the defendant insurance company tortiously and wrongfully breached the same and became liable to plaintiff

for the present value thereof on the date to which defendant had paid its monthly payments, as required by the terms and provisions of the said policy."

■ While appellant in its brief does mention ground 6 of the demurrer, it fails adequately to argue or point out how and where "it affirmatively appears [in the complaint] that the contract [of insurance] does not provide for an acceleration of payments for an anticipated breach of the policy." 2A Ala.Dig., Appeal & Error, ⊖758(1). Due to want, or inadequacy, of argument, we will consider this ground as having been waived. Hartford Fire Ins. Co. v. Clark, supra.

We might state parenthetically that we are not unmindful of the pronouncement in Odell v. United Insurance Company of America, 243 S.C. 35, 132 S.E.2d 14, the text of which is quoted in appellant's brief. There, the Supreme Court of South Carolina held in an action similar to the instant case that the measure of damages was limited to the benefits which had accrued to the time of the commencement of the action, leaving benefits thereafter accruing, if any, to be recovered in a subsequent action in the event defendant fails to pay.

The complaint there averred that the defendant wrongfully canceled the policy "and sought damages in the amount of the benefits which had accrued plus such payments as would probably accrue in the future on the theory of an anticipatory breach of the contract."

Plaintiff there contended that the action was not for the benefits due under the policy, but for damages sustained by the wrongful cancellation of the policy of the defendant. The appellate court held that the action was for recovery under the policy, and that the lower court correctly limited judgment to the amount of the benefits which had accrued to him at the commencement of the action.

Pretermitting the correctness of the aforementioned pronouncement, construc-

tion of the policy and the applicability thereof to the case at bar, we are not here presented any assignment of error that raises the question of damages or the amount thereof, if any, available to plaintiff (appellee) under the issues of the instant case. The motion for a new trial, as we will hereafter observe, is not before us for consideration. We are not called on to decide whether the grounds of this motion, or any of them, adequately presented errors on the part of the trial court with respect to the damages claimed and awarded.

Assignment of error No. 2 reads as follows:

"The court erred in sustaining plaintiff's demurrers to pleas three and four of the defendant."

**Plea Three answers:**

"3. That defendant is not due payments as claimed under the provisions of the policy particularly that portion labeled:

*"TIME OF PAYMENT OF CLAIMS*

"Subject to due written proof of loss, all accrued indemnities for loss of time covered under Parts Four, Five, Six, Eleven and Twelve, will be paid each thirty days during the continuance of the period for which the Company is liable and any balance remaining unpaid upon the termination of liability will be paid immediately upon receipt of due written proof. Indemnities payable under this policy for any loss, other than loss of time for which this policy provides periodic payment, will be paid immediately upon receipt of due written proof of such loss."

Plea 4 avers, in substance, that written proofs of loss were not submitted as required by the terms of the policy. This plea was not verified, but no point was made of this omission if required.

It is to be noted that the rulings of the court on demurrers to these two pleas were jointly asserted in one assignment of error.

■ This joint assignment invokes the rule that in order to sustain the assignment, it must appear that all the pleas were good and not subject to demurrer. Southern Ry. Co. v. Slaton, 16 Ala.App. 194, 76 So. 478[1].

■ Appellant makes no contention by argument or otherwise that plea 4, supra, was not subject to the demurrer interposed. In the absence of such a contention, the assignment with respect thereto was waived and the ruling of the trial court on pleas 4 was free from error. Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750[6]; Supreme Court Rule 9, Title 7, Code 1940, Appendix.

Assignment of error 3 states:

"3. The court erred in overruling plaintiff's motion for a new trial."

■ The motion for a new trial was filed September 7, 1963, duly continued to a day certain, and overruled on October 4, 1963. This appeal was perfected on September 11, 1963, while the motion was pending. Such an appeal had the effect of removing the cause from the jurisdiction of the circuit court, so that it had no right or power to act on the motion. MacMahon v. Dozier, 237 Ala. 574, 187 So. 710[1]; Robinson v. Morrison, 272 Ala. 552, 133 So. 2d 230[20]. This pronouncement has no application in criminal cases. Tit. 15, §§ 368, 382, Code 1940, wherein it is provided that when an appeal is taken from a judgment of any county or circuit court in criminal cases, the trial court retains jurisdiction for the purpose of granting a motion for a new trial.

Assignment of error No. 4 is as follows:

"4. The court erred in its oral charge in defining what constituted total disability and continuous confinement within doors under the terms of the policy."

■ We also note that the alleged errors in the trial court's oral charge are jointly asserted in one assignment of error.

We think both assignments are insufficient in that they do not point out explicitly the parts of the oral charge alleged to be erroneous. They say no more than that the court erred in charging the jury on total disability and continuous confinement within doors which are not adequate. McLaney v. Turner, 267 Ala. 588, 104 So.2d 315[2]. In this case, we said:

"Assignments of error 31 and 32 are insufficient in that they do not point out explicitly the parts of the oral charge alleged to be erroneous. Those assignments say no more than that the court erred in charging the jury on wantonness which is not adequate. Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89. * * *" Assignments of error 5 and 6 are as follows:

"5. There was no competent evidence upon which to base a verdict.

"6. The verdict of the jury was contrary to the weight of the evidence."

■ Only rulings of the court are subject to an assignment of error. These assignments present nothing for review. McLaney v. Turner, supra [1]; Central of Georgia Railway Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290[1, 2]. Since assignments of error 5 and 6 do not refer to any ruling of the trial court, we cannot consider them.

The judgment from which the appeal is taken is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Original opinion has been withdrawn.

Affirmed.

Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.