L. CHARLES WRIGHT, Retired Appellate Judge.
This case involves the defendant’s appeal from a contempt citation.
On September 23, 1983, the plaintiff, Apollo Trucking, Inc. (hereinafter Apollo), filed suit against the defendants, Richard L. Wyatt, American Manufacturing and Machine Co. (hereinafter American Manufacturing), and Riley Brothers Construction Co. (hereinafter Riley Brothers). Apollo alleged that it had entered into an agreement with Wyatt and American Manufacturing for the transportation of various drill pipe joints, that the amount of the services rendered totaled $1,500, and that Wyatt and American Manufacturing had refused to pay for the transportation services. Apollo sought a judgment for the amount of the services rendered, as well as a preliminary injunction against all three defendants to prevent the sale or transfer of the pipe joints.
On November 11, 1983, the circuit court entered a preliminary injunction against all three defendants to prevent them from “disposing of, transferring, encumbering, or releasing [the drill pipe joints] to any person, firm, or corporation pending further order of [the] court.” On January 17, 1984, the circuit court entered an order which continued the November 11 preliminary injunction in effect. In addition to expressly continuing the November 11, 1983, preliminary injunction, the court’s January 17 order also imposed an equitable lien on the drill pipe joints and awarded Apollo $1,527.37 in contract damages and court costs against defendant American Manufacturing.
Sometime after the continuation of the November 11, 1983, preliminary injunction, defendant Wyatt informed Riley Brothers that the case involving the drill pipe joints had been settled and authorized Riley Brothers to release the drill pipe joints. Riley Brothers subsequently released the bulk of the drill pipe joints.
On March 12,1984, Apollo made a motion for an order requiring the defendants to appear before the circuit court and show cause why they should not be held in contempt of court for violating the preliminary injunction. Apollo’s motion to show cause was heard on January 13, 1986. After listening to the testimony in an ore terms proceeding, the circuit court held defendant Wyatt in contempt of court and ordered him to pay $4,800 into court for the plaintiff’s benefit at the rate of $100 per month. Wyatt now appeals from that judgment.
ON MOTION
Plaintiff Apollo has filed a motion to dismiss the appeal. Apollo asserts that *280 Wyatt’s appeal should be dismissed because he filed his notice of appeal to the Alabama Court of Criminal Appeals rather than this court, because he filed his post-trial motions contemporaneously with his notice of appeal, and because he otherwise failed to comply with the Alabama Rules of Appellate Procedure in prosecuting his appeal. See Rule 2, A.R.A.P.
The Alabama Rules of Appellate Procedure provide, that the appropriate action to be taken when one or both parties file their notices of appeal with the wrong appellate court is for the mistake to be treated as a clerical error and corrected. Rule 3(c), A.R.A.P., provides:
“If the notice of appeal names the wrong appellate court to which the appeal is taken, such designation shall be treated as a clerical mistake and corrected accordingly. The necessary clerical steps shall be taken to docket the appeal and to file the record and briefs in the appropriate appellate court.”
Rule 3(c), A.R.A.P. The mistake of filing in the court of criminal appeals has been corrected. The record and briefs are now before this court. Dismissal of the appeal because Wyatt’s notice of appeal was filed in the wrong appellate court is inappropriate.
Apollo also seeks the dismissal of Wyatt’s appeal because Wyatt filed his notice of appeal contemporaneously with his post-trial motions. The effect of a party’s filing notice of appeal contemporaneously with post-trial motions is to withdraw the trial court’s authority to rule on the motions. United Insurance Co. of America v. Pounders, 279 Ala. 410, 186 So.2d 125 (1966). A party who files notice of appeal before a trial court has had opportunity to rule on the post-trial motions may nonetheless prosecute his appeal. Though the court will hear the appeal, it will refuse to consider issues presented by the post-trial motions. See Farmer v. Farmer, 398 So.2d 723 (Ala.Civ.App.1981). Wyatt’s filing his post-trial motions contemporaneously with his notice of appeal does not merit the dismissal of his appeal.
The record reveals that Wyatt has substantially complied with the Alabama Rules of Appellate Procedure in prosecuting his appeal. We deny Apollo’s motion to dismiss the appeal.
MERITS
The first issue on the merits involves the validity of the injunction entered against Wyatt. Wyatt contends that the injunction which he allegedly violated was invalid because it was not accompanied by a bond, pursuant to Rule 65(c), Alabama Rules of Civil Procedure.
As a general proposition, in order for a preliminary injunction to be valid, the party requesting the injunction must provide a security bond. See Rule 65(c), A.R.Civ.P.; see also Anders v. Fowler, 423 So.2d 838 (Ala.1982). Acts committed in violation of a preliminary injunction which would otherwise constitute contempt of court are not contemptuous where no bond is provided along with the petition for in-junctive relief. See Ex parte Miller, 129 Ala. 130, 30 So. 611 (1901).
In this case the circuit court issued a preliminary injunction on November 11, 1983. On January 17, 1984, the circuit court entered an order expressly continuing the November 11 preliminary injunction. The record reveals that no bond was provided with either order. Though defendant Wyatt may have violated the January 17 order which continued the preliminary injunction, because there was never a bond provided, Wyatt’s actions do not constitute contempt of court.
We find that the trial court erred in holding Wyatt in contempt for violating the January 17 preliminary injunction. We must reverse the decision of the trial court.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of *281 Alabama of 1975. This opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.