(117 So. 467)

**STALLINGS v. CLARK et al.**   (4 Div. 280.)

Supreme Court of Alabama. June 21, 1928.

32

Fleming & Yarbrough, of Elba, and Lee & Tompkins and O. S. Lewis, all of Dothan, for appellant.

Farmer, Merrill & Farmer, of Dothan, for appellees.

SAYRE, J. This case was tried before a jury and judgment rendered on July 7, 1925. On July 31st, following, plaintiff (appellant) entered a motion for a new trial. This motion was continued from time to time until December 26, 1925, when the court made an order continuing the motion "to be heard by or before February 1, 1926." This was the last order on the case. The record does not show that the court at any time rendered judgment on the motion, nor that at any time appellant brought the motion to the attention of the court for a ruling. On April 28, 1926, appellant presented his bill of exceptions to the judge who presided at the trial, and on May 18, 1926, the bill thus presented was approved and signed by him as a true and correct bill of exceptions. Appellees move to strike the bill because not presented within the time prescribed by the statute.

On April 28, 1926, appellant, by presenting to the clerk of the circuit court security for the costs, took an appeal from the "judgment of the circuit court of Houston county, Ala., made and entered on, to wit, July 7, 1925."

Appellees move the court to dismiss the appeal because not taken within the time prescribed by the statute.

As to the bill of exceptions the statute, section 6433 of the Code, provides:

"Bills of exceptions may be presented to the judge or clerk at any time within ninety days from the day on which the judgment is entered, and not afterwards. * * * Presentation of the bill of exceptions within ninety days after the granting or refusing of a motion for a new trial shall be sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial."

■■ The letter and purpose of the statute lead us to conclude that the motion to strike the bill must prevail. The last provision of the statute, quoted above, appeared for the first time in the Code of 1923. Prior to that time there was in the statute nothing whatever to indicate that a bill of exceptions presented on April 28, 1926, might be effectual to bring into review a judgment rendered on July 7, 1925. The language of the statute in its present form provides a review by bill of exceptions presented "within ninety days after the granting or refusing of a motion for a new trial." It would seem to be enough in the present case to call attention to the fact that the motion for a new trial has been neither granted nor refused. The motion was discontinued, we think, by failure to act upon it by granting or refusing it or by further order of continuance made on February 1, 1926. Mt. Vernon Woodbury Mills v. Judges, 200 Ala. 168, 75 So. 916; Hayes v. Dunn, 136 Ala. 528, 34 So. 944. A discontinuance is no adjudication of a cause. Farmers' Oil & Mfg. Co. v. Melton, 159 Ala. 469, 49 So. 225. But, conceding for the argument that there was no discontinuance, it is entirely clear that there was no judgment on the motion, and hence no new point of departure from which the time limited for the presentation of a bill of exceptions could begin to run. The time, therefore, must be dated back to the date of the judgment from which the appeal is taken.

It was said in Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641, on the authority of Shipp v. Shelton, 193 Ala. 658, 69 So. 102, that the pendency of a motion for new trial suspends the finality of the judgment for the purpose of an appeal until said motion is disposed of either by the act of the court or the operation of law. Appellant cites Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305, to the same effect. Appellant relies upon these adjudications. But let it be noted that in each of these cases, except Childers v. Samoset Mills, there was a ruling upon the motion, and that fact differentiates them broadly and essentially from the case in hand. In Childers v. Samoset Cotton Mills the court mentions "operation of law" as putting an end to the suspension of judgment by a motion for

a new trial. This, we take it, does not mean that a motion undisposed of by act of the court may by operation of law become a "judgment granting or refusing" a motion, and this fact was fully recognized in the case of Ex parte Louisville & Nashville Railroad Co., 214 Ala. 489, 108 So. 379, where Childers v. Samoset Mills was considered, and where, quoting the language of Wynn v. McCraney, 156 Ala. 630, 46 So. 854, it was said that appealable judgments must have the "character of potentiality," of "actuality as a judgment," and "probative force" as such. And, whatever may be thought of the first ruling in Childers v. Samoset Mills, this must be said: It took no account of the decision in Farmers' Oil & Mfg. Co. v. Melton, heretofore cited, which was well sustained by the authorities in this court and elsewhere. 18 C. J. 1146. It should also be noted that in Shipp v. Shelton, 193 Ala. 658, 69 So. 102, cited in the first opinion in Childers v. Samoset Mills, the court had said:

"The judgment does not become final for the purpose of an appeal until the motion is disposed of; and the time within which an appeal from a judgment, after the rendition of which a motion for a new trial has been seasonably made, may be taken, must be considered to begin to run from the date whereon the trial court rules on the motion for a new trial,"

—this on consideration of Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 So. 538, and other cases in that line. Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; Shipp v. Shelton, 193 Ala. 658, 69 So. 102. In the present case, we repeat, there has been no ruling on the motion. The only appealable judgment shown by the record, of date July 7, 1925, antedated the appeal and the bill of exceptions by ten months (approximately). The statutes do not allow such delay. The result of our consideration of the authorities is to conclude that the pendency of a motion for a new trial suspends the judgment as long as the motion is kept alive, but, if the motion is discontinued or allowed to lapse without a judgment thereon, it cannot be said that "by operation of law" the date of the original judgment is for any purpose changed to the date of the discontinuance or lapse. Otherwise, the unsuccessful party to a judgment may make a motion, and, by not calling it to the attention of the court for a ruling, indefinitely suspend the operation of the statute limiting the time of appeals made and provided, in order that there may be an end of litigation. On the other hand, there is no danger that a party may be deprived of his right to a bill of exceptions, because he will have his remedy to compel action by the court. Ex parte Doak, 188 Ala. 406, 412, 66 So. 64. It results that the motion to strike the bill of exceptions must be granted.

As to the motion to strike the appeal: The section of the Code, § 6127, limiting the time within which an appeal may be taken from judgments in cases of this character —cases in general in which final judgments have been rendered—is as follows:

"Appeals under this chapter, except in such cases as a different time is prescribed, must be taken within six months from the rendition of the judgment or decree."

As shown by the statement of facts heretofore made, the judgment appellant seeks to bring under review was rendered more than six months before the effort was made to take an appeal. No subsequent judgment was rendered, and, therefore, of necessity, the appeal must be dated from the judgment of July 7, 1925, which was more than six months before appellant made any effort to take an appeal. The considerations of law involved in this motion are identical with those upon which we have found it necessary to strike the bill of exceptions. It follows that the appeal must be dismissed.

Appeal dismissed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur in the opinion.

THOMAS, J., concurs in the ruling as to the bill of exceptions; dissents as to the ruling on the motion to dismiss the appeal.

BOULDIN, J. (dissenting). In Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641, this court said:

"It is also settled that the pendency of a motion for new trial suspends the finality of the judgment for the purpose of an appeal until said motion is disposed of either by the act of the court or the operation of law."

The case directly involved the disposal of the motion by a discontinuance. The rule now announced makes the suspension of the judgment for the purpose of appeal to depend upon how the motion is disposed of.

The underlying principle often declared by this court in line with the weight of authority elsewhere is that the pendency of a motion for a new trial suspends the judgment, retains the cause in fieri; the judgment has not become final; there is no final judgment to appeal from; the statute of limitations against appeals does not begin to run until the right of appeal accrues.

Indeed, it is said to have been the rule at common law that the original judgment was not entered until the motion for new trial was disposed of. Now the judgment is entered, but, upon filing and continuance of a motion for new trial in due course, the judgment entered is tentative, is retained in the breast of the court for further consideration on the motion.

Surely these results do not depend on how the motion is ultimately disposed of. Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So.

829; Barron v. Barron, 122 Ala. 194, 25 So. 55; Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 So. 538; Shipp v. Shelton, 193 Ala. 658, 69 So. 102; Sup. Lodge P. of P. v. Thomas, 130 Ala. 275, 30 So. 567; 3 C. J. p. 1051.

Under our statutes, the date when the judgment becomes final by nonaction of the court is as certainly fixed as by an order granting or refusing it. We can see no reason to base a new rule upon laches in failing to follow up the motion to a final order. The failure to act on the motion may be due to the fault of either party or neither; may be due to a condition of the docket wherein the court continues the motion from time to time until the movant prefers to suffer a discontinuance than have an ill-considered ruling entered.

I therefore respectfully dissent.

GARDNER, J., concurs in the foregoing views.