(137 So. 777)

## FOLMAR et al. v. FIRST NAT. BANK OF MONTGOMERY.

4 Div. 601.

Supreme Court of Alabama.

Nov. 27, 1931.

Walters & Walters, of Troy, for appellants.

Steiner, Crum & Weil and Weil, Stakely & Cater, all of Montgomery, and George M. Grant, of Troy, for appellee.

ANDERSON, C. J.

This appeal was taken both from the original judgment and the judgment on the motion for a new trial. It was taken more than six months after the former, but within six months after the latter. True, that the motion for the new trial suspends the time for the appeal, provided the same is disposed of by a valid judgment, but, if the motion dies without action or is discontinued, it does not have the effect of suspending the time for taking the appeal from the main judgment. Stallings v. Clark, 218 Ala. 31, 117 So. 467.

The original judgment was rendered October 30, 1930, motion for new trial was filed November 29, 1930, and order set for hearing same on the 13th of December, 1930. and the record shows that the same was submitted to the trial court on said day. The court then held the matter under consideration until March 12, 1931, when a judgment was rendered overruling said motion. The trial court therefore carried the matter over from one term of the court into another, and, as no order continuing the motion was entered, it became discontinued at the expiration of the term during which it was made.

It may be conceded that, when the court takes a motion for consideration after the same is submitted, there need be no further order of continuance, provided it is acted upon during the term at which it is submitted, but it cannot be carried over into another term without a specific continuance, which does not appear to have been done in this case. Childers v. Samoset Mills, 213 Ala. 292, 104 So. 641; Ex parte Adams, 216 Ala. 353, 113 So. 513, and cases there cited.

As the appeal was taken from the original judgment, which was not suspended by a valid judgment on the motion, it came too late, and, as the action, at the time, on the motion for a new trial in attempting to render a judgment, was void, it cannot support an appeal and presents a question of jurisdiction. Gunter v. Mason, 125 Ala. 644, 27 So. 843.

The appeal is dismissed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.