## CAIN v. JEFFERSON STANDARD LIFE INS. CO.

### 8 Div. 511.

Supreme Court of Alabama.

Nov. 2, 1933.

Seybourn H. Lynne, of Decatur, for appellant.

Eyster & Eyster, of Decatur, for appellee.

FOSTER, Justice.

The judgment was rendered in the case on October 4th. The appeal was perfected on the following April 8th, more than six months after the judgment. Section 6127, Code. Appellee moves to dismiss the appeal on that account.

Appellant contends that the motion for a new trial and the state of the record in that respect have the effect of extending the time to November 19th, from which the six months should be computed, and that therefore the motion is not well taken. The record shows that the motion for a new trial was filed October 21st. It came on for hearing on November 11th, more than thirty days after the rendition of the judgment, without an order continuing its hearing to that day. Unless the discontinuance was waived in some manner, the court then had no authority to pass upon it. Section 6670, Code.

The claim is made that the recitals of the judgment show such a waiver. They are that on that day "the defendant makes the point that the court is without jurisdiction or authority to hear said motion because thirty days has [have] elapsed without an order of continuance being made by the court, and by agreement of the parties, this said motion is hereby passed to the 19th day of November, 1932." On that day the judgment recites "this cause coming on to be further heard upon plaintiff's said motion for new trial, and the defendant moves the court to dismiss said motion," whereupon it was ordered that plaintiff's motion for a new trial be dismissed. The contention is that the agreement of continuance by defendant operated as a waiver of the discontinuance since action was taken on the motion.

Appellant concedes the principle now settled that if the motion lies without action or is discontinued it does not have the effect of suspending the time for taking the appeal. Stallings v. Clark, 218 Ala. 31, 117 So. 467; Folmar v. First National Bank, 223 Ala. 625, 137 So. 777.

We do not understand that to mean that if the action of the court on the motion is mere-

ly to declare that it was discontinued, such an order has the effect of fixing its date as the beginning of the time in which an appeal shall be taken. Under the established principle, there must have been a ruling on the motion. We think that a proper interpretation of the orders of November 11th and 19th is that defendant made the point, without any formal pleading or motion, for none appears in the record, that the court then had no authority to hear the motion because more than thirty days had elapsed, etc., and that on the 19th that suggestion was then put in the form of a motion. There is no motion in the record, and the recital of the order is without a statement of the ground on which it is made. But since the suggestion of want of authority had been made, we think that the motion is properly attributable to that ground. The judgment was not that the motion for a new trial be denied, but that it be dismissed. That is not action on the motion, but a refusal to act on it.

It is quite true that if both parties appear and proceed to a trial on the merits of the motion, and there is decision on the merits, the discontinuance is waived, McCarver v. Doe ex dem. Herzberg, 135 Ala. 542, 33 So. 486, or if the defendant in the motion appears and joins in the further proceedings without objection that the motion has been discontinued, the power of the court is said to be re-established to hear and determine the motion, Chilton v. Gurganus, 218 Ala. 145, 117 So. 655; Greer v. Heyer, 216 Ala. 229, 113 So. 14; Dulin v. Johnson, 216 Ala. 393, 113 So. 397; Ex parte Schoel, 205 Ala. 248, 87 So. 801.

In this connection, it is said in one case that if a motion for new trial is continued on its merits, without objection that the court is without authority to hear it for want of an order of continuance, such objection is waived. Shipp v. Shelton, 193 Ala. 658, 69 So. 102.

In this case it appears that while the motion was continued by consent of defendant, it was accompanied with such objection to the right to hear it on its merits. It seems apparent to us that the orders affirmatively show that the point was made and reserved at the first and every time the motion was before the court for consideration. The agreement to continue cannot be said to be a waiver, but it means that the continuance was in order first to hear the suggestion "or point" of want of authority in the court to consider the motion on its merits.

It results that it was not waived, and that the power of the court to hear the motion on its merits was not re-established, but that the court merely made record of what had occurred, viz., a discontinuance of the motion. The appeal was not taken within six months as the statute requires. The motion to dismiss it is therefore, we think, well taken, and it is sustained.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.