187 So. 710

## MacMAHON v. DOZIER.

### 1 Div. 50.

Supreme Court of Alabama.
March 23, 1939.

Rehearing Denied April 13, 1939.

W. O. MacMahon, pro se.

Winston F. Groom, of Mobile, for appellee.

FOSTER, Justice.

In this case, appellee recovered a judgment at law for $500 against appellant on a trial in the circuit court with a jury.

A bill of exceptions appears in the record signed by the presiding judge. It was presented to the trial judge more than ninety days after the judgment was rendered, but within ninety days after the court overruled a motion for a new trial.

■ This appeal was taken by supersedeas appeal bond while the motion for a new trial was pending and before it was acted upon. Such appeal had the effect of removing the cause from the jurisdiction of the circuit court, so that it had no right or power thereafter to act upon the motion. Lewis v. Martin, 210 Ala. 401, 98 So. 635; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Hudson v. Bauer Grocery Co., 105 Ala. 200, 16 So. 693.

This rule has been modified as to criminal cases. Section 3251, Code; see Gen. Acts 1935, p. 690. But it still obtains in civil cases. See last sentence in section 6101, Code.

■ So that the ruling on the motion for a new trial after the appeal was taken, not being effective, does not serve any purpose in computing the time in which the bill of exceptions should be presented by virtue of section 6433, Code. Stallings v. Clark, 218 Ala. 31, 117 So. 467.

■ But the failure to present it in due time is not sufficient to justify the court in striking it without a motion. Section 6434, Code.

At the time of the submission of the cause in the Court of Appeals, there had been filed in that court a motion to strike the bill of exceptions on that ground, and the cause was submitted on the motion and on the merits, without any question being then raised. The motion was not on the motion docket as required by Rule 16, Supreme Court Practice.

A controversy has arisen between appellant, representing himself, and counsel for appellee whether notice was given of that motion as required by that rule. That question cannot be considered without setting aside the submission and a hearing on it had. We will not stop to consider the advisability of doing so, because upon an examination of the bill of exceptions, we do not think it shows reversible error, although it may be operative as appellant contends.

We do not think that the verdict is contrary to the evidence as recited in the bill of exceptions.

The questions argued by appellant are of such nature that they do not seem to need

discussion by us. We have examined them all, and they do not show reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.