2 So.2d 428

## HOUSING AUTHORITY OF BIRMING-HAM DIST. v. ABNEY.

### 6 Div. 808.

Supreme Court of Alabama.
April 17, 1941.

Appeal Dismissed May 22, 1941.

Wm. L. Clark, Bryant Whitmire, and W. H. Sadler, Jr., all of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

BROWN, Justice.

The appeal is by the applicant or plaintiff in an ad quod damnum proceeding instituted in the Probate Court of Jefferson County, under Chapter 286, § 7476 et seq., of the Code, Code 1940, Tit. 19, § 1 et seq., and carried to the Circuit Court by appeal as authorized by § 7492 of the Code 1923, Code 1940, Tit. 19, § 17.

The present appeal is authorized by § 6084 of the Code 1923, Code 1940, Tit. 7, § 760.

It appears from the recitals in the certificate of appeal that the judgment of the circuit court was rendered on the 5th day of December, 1940, and that the appeal was taken by giving security for costs on the 4th day of January, 1941.

Motion is here made by the appellee to dismiss the appeal on the ground that it was prematurely taken, and to this end the motion alleges:

"The jury in the Circuit Court of Jefferson County, Alabama, returned an award of Seven Thousand Three Hundred Fifty and no/100 ($7,350.00) Dollars on the 5th day of December, 1940, and within the time prescribed by law said J. S. Abney made a Motion for a New Trial in writing, a true and correct copy of which is hereto attached, marked Exhibit 'A' and made a part of this Motion as if fully set out herein. Said Motion was presented to the Circuit Court of Jefferson County, Alabama, on the 19th day of December, 1940, which was within thirty days of the return of the aforesaid award by the jury, and said Motion at said time was *not* presented and continued for a hearing un-

til the 11th day of January, 1941, and continued from January 11th to February 15th, 1941; and movant avers that with said Motion pending and undisposed of the Housing Authority of the Birmingham District undertook to take an appeal in said cause by filing a security for cost in the office of the Clerk of the Circuit Court of Jefferson County, Alabama, on the 4th day of January, 1941." (Italics supplied.)

██ The motion is not verified by affidavit nor was any evidence offered to support its allegations of fact. We can not take judicial knowledge that a motion for new trial was made or is pending. However, treating as true the averments of the motion said motion for new trial had been discontinued before the security for costs was given. Code 1923, § 6670, Code 1940, Tit. 13, § 119; Stallings v. Clark et al. 218 Ala. 31, 117 So. 467; Ex parte Margart, 207 Ala. 604, 93 So. 505.

The motion to dismiss the appeal, is therefore due to be overruled. It is so ordered.

GARDNER, C. J., THOMAS and FOSTER, JJ., concur.

On Resubmission.

BROWN, Justice.

The former order entered here overruling the motion to dismiss the appeal, has, by order of the court, been set aside, the movant allowed to amend and the motion as amended was resubmitted with proof.

██ The authorities seem to be agreed that a motion for a new trial may be made in ad quod damnum proceedings, after verdict fixing the damages, although the proceedings are purely statutory and the jurisdiction conferred is a limited jurisdiction, which requires strict observance of the prescribed course of procedure. Code 1923, § 7476, Code 1940, Tit. 19, § 1; Postal Telegraph Cable Co. v. Alabama Great Southern Railroad Co., 92 Ala. 331, 9 So. 555; Sloss-Sheffield Steel & Iron Co. v. O'Rear et al., 200 Ala. 291, 76 So. 57; 10 R.C.L. 222 § 189; In re Owen and Memorial Parks in Detroit, 244 Mich. 377, 221 N.W. 279, 61 A.L.R. 190 and note; United States v. Chicago B. & Q. R. Co., 298 U.S. 689, 56 S.Ct. 957, 80 L.Ed. 1408; 4 R.C.L. Sup. 2679, § 189.

██ And the law is well settled that the effect of a motion for new trial, time-ly made and continued to a definite date for hearing, suspends the finality of the judgment and keeps the proceedings in fieri; preserving the power and jurisdiction of the nisi prius court for making proper orders. Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 So. 538; Barron v. Barron, 122 Ala. 194, 25 So. 55; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641; Shipp et al. v. Shelton, 193 Ala. 658, 69 So. 102; J. H. Arnold & Co. v. Jordan, 215 Ala. 693, 112 So. 305.

The rule has been applied to "appeal by certiorari" from judgments awarding compensation under the Workman's Compensation Act, Code 1940, Tit. 26, § 253 et seq. Exchange. Distributing Co. v. Oslin, 229 Ala. 547, 158 So. 743.

██ The evidence in support of the motion as amended supports its averments that the motion for new trial is still pending, and the proceeding in the trial court is still in fieri. The appeal was premature and will be dismissed, without prejudice.

Motion granted, appeal dismissed, without prejudice.

GARDNER, C. J., and THOMAS, BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.

KNIGHT, J., not sitting.