7 So.2d 864

**JOHNSON et al. v. FOUST et al.**

**8 Div. 160.**

Supreme Court of Alabama.

April 9, 1942.

Rehearing Denied May 14, 1942.

Street & Orr, of Guntersville, for appellants.

Marion F. Lusk, of Guntersville, for appellees.

FOSTER, Justice.

A final decree in equity was rendered December 2, 1940. On December 28, 1940, appellants moved for a rehearing. Chancery Rule 81. Several continuances of the motion were made extending the last time to and including June 10, 1941. No order was made on the motion on that day, so that it then ceased to be within the power of the court. This appeal was taken within six months from that day, but more than six months from the date of the final decree. The question is whether the failure to act on the motion for a new trial deprived appellants of the right to appeal within six months from the time the court lost jurisdiction over the motion.

As between Rule 81 of the Code of 1923, Vol. 4, p. 932, and Rule 62, Equity Rules, of the Code of 1940, Tit. 7 Appendix, the former is operative under Rule 120, Code of 1940, by its express terms. But in the case of Williams v. Knight, 233 Ala. 42, 169 So. 871, 876, it is said: "It would appear that the modern tendency for simplification of procedure in the circuit court would be conserved by the same rule at law and equity prevailing as to the right of appeal and lifting the bar of the statute, pending hearing on the motion for a new trial and rehearing. Such is the analogy to

be found in the holding in Tucker et al. v. Houston et al., 216 Ala. 43, 112 So. 360; Lewis et al. v. Martin et al., 210 Ala. 401, 98 So. 635. These decisions, and many recent statutes affecting those divisions of the circuit court and that providing for suspension of the judgment or decree pending motion for a new trial or rehearing (section 6670, Code), have been a legislative change of rule 81, Chancery Practice, to the extent that when the motion for rehearing or motion to set aside the decree is duly made and called to the attention of the court, it has the effect of suspending all action on the decree until the same has been disposed of by law."

And that case also makes the following quotation from Richards v. Williams, 231 Ala. 450, 165 So. 820, 822: "The effect of these decisions is, that a motion for a new trial has the effect of suspending the running of the statute and affecting the time within which an appeal may be taken and maintained, only where there is a valid judgment on such motion."

This Court had in three cases prior to Richards v. Williams, supra, held as thus declared in suits at law. Stallings v. Clark, 218 Ala. 31, 117 So. 467; Folmar v. First National Bank, 223 Ala. 625, 137 So. 777; Cain v. Jefferson Standard Life Ins. Co., 227 Ala. 458, 150 So. 689.

When the new equity rules were adopted, effective January 1, 1940, but not applicable to suits then pending by Rule 120, Code 1940, Tit. 7 Appendix, and when the new Code was adopted, effective May 31, 1941, there was no effort made to modify the principles thus declared, but there was manifested, as we will show, a tendency to make them more effective, as applied to suits in equity.

Rule 81 did not contemplate a decree in equity on an application for rehearing which was denied, and was out of line with many features of the same Code, and Rule 81 had been impliedly modified by sections 6636 and 6670, as was pointed out in Williams v. Knight, supra. All the cases in which this Court has acted on the subject in equity were those in which the application was denied by an order of the court. The case of Stallings v. Clark, supra, which first declared this principle at law, based it on section 6127, Code of 1923, Code 1940, Tit. 7, § 788, with special reference to the rendition of a judgment or decree. And held that since the only judgment rendered in the case was more than six months before the appeal was taken, it was not within the statutory period. That status is exactly the same in equity as at law. Therefore to save the time in equity, there should be an order denying the application as at law for there must be the rendition of a decree as provided in section 6127, Code of 1923. This is what Stallings v. Clark, supra, held.

There was a change made by the adoption of the new rules in equity, whereby Rule 81 was made to read as in new Rule 62. This change makes it positive that there must be a ruling on an application for a rehearing in equity, and that it requires such ruling to make effective the suspension of the time in which to appeal.

This emphasizes a purpose to have the principle first declared in Stallings v. Clark, supra (at law) to continue and to apply in equity, and to leave no room for doubt in that connection.

It is our view that the same status should continue to be thus declared by this Court in respect to decrees not subject to the effective operation of the new equity rules as well as to those which are controlled by them.

We have not failed to take note of the case of Housing Authority v. Abney, 241 Ala. 256, 2 So.2d 428, to the effect that a motion for a new trial timely made and continued suspends the finality of the judgment for the purpose of an appeal. In that case the appeal was taken by the party who had not made the motion for a new trial, and while the court held jurisdiction by reason of the motion by his adversary.

In the case of MacMahon v. Dozier, 237 Ala. 574, 187 So. 710, the appeal was taken by the party who had made the motion for a new trial, and we held that jurisdiction was thereby withdrawn from the circuit court to act on the motion for a new trial. The effect being that a movant for a new trial can withdraw or dismiss or discontinue his motion and take an appeal, and that if he appeals without doing so, the effect is to discontinue the motion for a new trial, reinstate the judgment and appeal from it, all in one operation. And to make that situation consistent with Stallings v. Clark, supra, this must be done within the time in which an appeal may be taken, or the movant must have a judgment entered on his motion, if he waits until after such period has expired.

In the case of the Housing Authority v. Abney, supra, the motion for a new trial was made by defendant, and while said motion was in effect, but not acted on, and not discontinued, plaintiff took an appeal. We held that he could not do so. The reason is that he could not by his act destroy the motion for a new trial of his adversary. He could not discontinue it as if it were his own motion. So that had that motion remained without a judgment on it, but kept alive by continuances until the time expired for appealing from the main judgment, and then been discontinued without an order of the court, plaintiff as well as defendant would be without a remedy by appeal under a strict application of Stallings v. Clark, supra.

The cases in which the principle of Stallings v. Clark, supra, have been applied are those in which the movant for a new trial was also the appellant, and therefore the motion was in his power. He could have taken the appeal within six months by dismissing the motion, expressly or impliedly. If he waits until the expiration of the period in which to appeal, he must have a judgment of the court rendered within six months before the appeal is taken by the express provisions of the Code of 1940, Title 7, section 788, Code of 1923, section 6127. A discontinuance of the motion without an order of the court must be attributable to the neglect of the movant, of which he is in no position to complain. It is inconceivable that a judge would refuse to make an order on the motion when the movant had requested that he do so. What the movant's status would be upon a showing of due diligence by him has never been here considered, and not now determined.

But the adversary of the movant does not have the same control over the motion. The movant should not have the power by his own neglect to destroy the right of appeal by his adversary. He would not be in position to move to dismiss the appeal because of a condition which was peculiarly in his own power, or to make the point that the suspension of the right to appeal by his adversary did not effectually exist or became inoperative on account of a condition within his own control, and which he neglected.

Such is not the status of this case. The application for a rehearing was made by this appellant and it was in his power to control the situation so as not to lose his right of appeal. But he permitted his application to be discontinued without an order, when an order was necessary to keep intact his right of appeal.

Appeal dismissed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.