16 So.2d 865

**GIBSON et al. v. EDWARDS.**

5 Div. 383.

Supreme Court of Alabama.

March 2, 1944.

Henry Neil Segrest, of Tuskegee, and Hill, Hill, Whiting & Rives, of Montgomery, for appellant.

Wm. M. Russell and Powell & Powell, all of Tuskegee, for appellee.

LIVINGSTON, Justice.

The original bill of complaint, filed by Fred Edwards, an incompetent veteran, suing by his guardian, F. F. Forman, seeks to correct the description in a mortgage, and a foreclosure of the mortgage. Demurrers to the bill were overruled on April 7, 1942. Thereafter, Mae R. Gibson (respondent) answered the bill and made her answer a cross-bill, and prayed that said mortgage be declared null and void and a cloud on her title, and that it be delivered up for cancellation. It is not necessary to here state the facts relied upon for the relief prayed for in the cross-bill.

A demurrer, consisting of four grounds, was interposed to the cross-bill. Ground 1 was based on the lack of equity in the cross-bill; grounds 2, 3 and 4 failed to tender an issue of law. On June 9, 1942, the trial court overruled ground 1 of the demurrer and sustained grounds 2, 3 and 4. On July 6, 1942, respondent and cross-complainant, Mae R. Gibson, perfected an appeal to this Court by giving security for cost in accordance with section 755, Title 7, Code of 1940.

On July 8, 1942, the trial court entered an order or decree setting aside and holding for naught the order or decree of June 9, 1942, and granted complainant ten days to plead further. On July 17, 1942, complainant filed additional grounds of demurrer to the cross-bill, which additional grounds of demurrer were sustained by the order or decree of the trial court on June 2, 1943. On June 30, 1943, respondent and cross-complainant, Mae R. Gibson, attempted to perfect an appeal from the decree dated June 2, 1943, by giving security for cost in accordance with section 755, Title 7, Code of 1940.

The appeal perfected on July 6, 1942, under the provisions of section 755, Title 7, Code of 1940, had the effect of removing the cause from the jurisdiction of the circuit court, in equity, so that it had no right or power thereafter to set aside the decree of June 9, 1942, or to determine the issues raised by the additional grounds of demurrer filed after the appeal was perfected. McMahon v. Dozier, 237 Ala. 574, 187 So. 710; Kinney v. White, 215 Ala. 247, 110 So. 394; Lewis v. Martin, 210 Ala. 401, 409, 98 So. 635; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Montevallo Coal Mining Co. v. Reynolds, 44 Ala. 252.

The court below having no jurisdiction to render the decree appealed from on June 30, 1943, the decree was void. A void decree will not support an appeal. This Court can acquire no jurisdiction on such an appeal even by consent of the parties, and must take notice of its own want of jurisdiction apparent on the record. The appeal of June 30, 1943, must be and is dismissed. Kinney v. White, supra; Bell v. King, 210 Ala. 557, 98 So. 796, and cases cited therein. "When the records of a court show that one of its judgments is void, the court rendering such judgment will expunge such judgment from its records at any time." Hynes et al. v. Underwood et al., 191 Ala. 90, 67 So. 994, 995; Cassady v. Davis et al., ante, p. 93, 15 So.2d 909.

The appeal before us is from the interlocutory decree rendered on June 9, 1942, perfected under and by virtue of the provisions of section 755, Title 7, Code of 1940. Appellant's assignment of error numbered one is based upon the decree of the trial court, entered on April 7, 1942, overruling respondent's demurrer to the original bill of complaint. The decree appealed from is interlocutory—not a final decree on determination of the cause. Section 755, Code of 1940, supra. The decree made the basis of the first assignment of error was entered more than thirty days prior to the taking of the appeal. Errors based on the interlocutory decree, rendered April 7, 1942, cannot be assigned on appeal from an interlocutory decree rendered June 9, 1942. Kyser v. American Surety Co., 213 Ala. 614, 105 So. 689;

336

Foley v. Leva et al., 101 Ala. 395, 399, 13 So. 747; Lewis v. Martin, supra.

█ The question being one of jurisdiction, the point must be taken by this Court, ex mero motu (Holt v. City of Birmingham, 237 Ala. 196, 186 So. 549); and assignment of error numbered one, cannot be reviewed.

As above stated, grounds of demurrer 2, 3 and 4, addressed to the cross-bill, failed to tender an issue of law, and the trial court erred in not overruling each of said grounds. For this error, the cause must be and is reversed and remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.