35 So.2d 518

## BROWN v. STATE.

### 4 Div. 485.

Supreme Court of Alabama.
April 15, 1948.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the petition.

A. L. Patterson, of Phenix City, opposed.

FOSTER, Justice.

The 'Court of Appeals reversed a judgment of the circuit court dismissing a petition for a writ of error coram nobis. The State brought certiorari, which we granted because of the importance of the question of whether the circuit court had jurisdiction to grant such a writ pending an appeal in the main case, which was then under submission.

The opinion of the Court of Appeals states that on the appeal from the judgment of conviction, it was affirmed in the appellate court May 8, 1945, but on May 21, 1945, the judgment of affirmance was set aside, and the cause restored to the docket where it is still pending; that on December 11, 1945, appellant filed a petition for leave to file in the circuit court a petition for writ of error coram nobis to set aside the judgment of conviction; that on August 1, 1946, the Court of Appeals granted the petition. The record shows that on November 5, 1946, the circuit court entered a judgment sustaining the motion made in that court to dismiss the petition for the writ of error coram nobis, and dismissed the petition.

The defendant who had petitioned for the writ filed security for the costs of appeal to the Court of Appeals from the judgment of November 5, 1946, The Court of Appeals reversed said judgment and remanded the cause to the circuit court so that the petition for the writ of error coram nobis should be heard and determined by that court, holding that it was the duty of that court to follow the opinion of the Court of Appeals.

Section 368, Title 15, Code, provides that the trial court shall retain jurisdiction of the cause for the purpose of hearing and determining a motion for a new trial seasonably made, and an appeal from the judgment of conviction shall also raise the question of the correctness of the court's ruling on motion for a new trial made in the time allowed, and in the manner provided by law.

■ That feature was added to section 6105 of the Code of 1923 by the Act of September 2, 1935, see page 690, and has application only in criminal cases; and as added makes section 368, Title 15, supra. There was at the same time in the Code of 1923 section 3251, apparently inserted by the Code committee, which is now section 382, Title 15, Code of 1940. Both serve the same purpose in the main. But the language of section 368, supra, indicates the idea that the motion should be

acted on before the submission of the main case since such submission is said to raise the question of the court's ruling on the motion for a new trial. In the absence of express statutory provision, when an appeal is taken and perfected in a criminal or in a civil case, the trial court loses power to grant a motion for a new trial. MacMahon v. Dozier, 237 Ala. 574, 187 So. 710; St. Louis & S. F. R. v. Dennis, 212 Ala. 590, 103 So. 894; Sharp v. Edwards, 203 Ala. 205 (6 and 7), 82 So. 455; Dorsey v. State, 19 Ala.App. 641, 99 So. 830, certiorari denied 211 Ala. 700, 100 So. 923; Connor v. State, 19 Ala.App. 444, 98 So. 482, certiorari denied 210 Ala. 505, 98 So. 483.

■ If sections 368 and 382, supra, do not reserve the right also to act on a petition for a writ of error coram nobis, that right is suspended pending the appeal, as we will show. It lies to set aside a conviction obtained by duress or fraud, or when by some excusable mistake or ignorance of accused, and without negligence on his part, he has been deprived of a defense which he could have used at his trial, or where facts have been concealed at the trial which, if known, would have prevented a conviction, and the accused cannot at the time present such matter in a motion for a new trial, on appeal or other existing statutory proceeding. 24 Corpus Juris Secundum, Criminal Law, § 1606(b); Lamb v. State, 91 Fla. 396, 107 So. 535. We do not intend here to make a complete statement of all the circumstances when the writ will lie. But what is said serves to illustrate its broad purpose.

In some respects it is like the four months statute applicable to civil cases,— Section 279, Title 7, Code, which is cumulative to the remedy in equity to vacate a judgment for fraud. Merrill v. Travis, 248 Ala. 42, 26 So.2d 258. The four months statute is not a continuation of the original suit, but is the commencement of a new action,—Hamby v. Sherrod, 248 Ala. 16, 26 So.2d 105, and Smith v. State, 245 Ala. 161, 16 So.2d 135—and of course that is the nature of a suit in equity. Whether proceeding under the four months statute or in equity as to a civil case, it is clear that neither remedy is available pending an appeal from the judgment sought to be vacated. This is also true in respect to a motion for a new trial in a civil case. In all such matters, it is inharmonious for two separate courts to be acting at the same time on the question of whether a judgment should be set aside. Kinney v. White, 215 Ala. 247, 110 So. 394; Gibson v. Edwards, 245 Ala. 334, 16 So.2d 865; Ex parte Hood, 107 Ala. 520, 18 So. 176; Anders v. Latimer, 198 Ala. 573, 73 So. 925; Bell v. King, 210 Ala. 557, 98 So. 796. The rule as to new trials in criminal cases was made, we think primarily to enable one convicted of a crime to appeal immediately so as to be released on bail pending an appeal without losing his right to move for a new trial.

■ When an appeal is taken the cause is transferred to the appellate court. If that court affirms, application can be made to it for leave to file a motion in the circuit court for the writ of error coram nobis. If found meritorious, the appellate court may grant leave, and in doing so suspend the execution of the sentence for a reasonable time to enable the application to be made to the circuit court. Lamb v. State, supra. This is of course discretionary with the appellate court.

We have seen no case but Stephenson v. State, 205 Ind. 141, 186 N.E. 293, which holds that pending an appeal the appellate court may give permission to file such a motion in the trial court, and let it be then heard and determined before final disposition of the appeal. That expression was dictum, and no reason or authority was put forth to sustain the view.

In this State, we have given consideration to the matter of coram nobis, and discussed it, first, in the case of Johnson v. Williams, 244 Ala. 391, 13 So.2d 683. In that case, there had been an affirmance of a conviction in a criminal case. Following the rule stated as applicable at common law in the case of Hysler v. State, 146 Fla. 593, 1 So.2d 628, and other Florida cases, we held that application to this Court was necessary for permission to apply to the circuit court, and that permission would be granted on proper showing.

In our case of Smith v. State, 245 Ala. 161, 16 So.2d 315, there was a conviction

in the Jefferson County Court of Misdemeanors. No appeal was taken to the circuit court as was authorized. A petition for the writ of coram nobis was then filed in the circuit court. This Court observed that it is in the nature of a new civil suit, and must be filed in the court which rendered the judgment. In that respect, it is like a motion under the four months statute. Hamby v. Sherrod, 248 Ala. 16, 26 So.2d 105.

In Ex parte Burns, 247 Ala. 98, 22 So.2d 517, an application for leave was presented to this Court after affirmance of conviction. We followed the authority of Johnson v. Williams, supra: likewise, in Ex parte Lee, 248 Ala. 246, 27 So.2d 147, and Ex parte Taylor, 249 Ala. 667, 32 So.2d 659.

We find no case where it was said when it was pertinent that pending an appeal a motion for this writ may be entertained in the trial court with the permission of the appellate court, though that observation was made as a dictum in Stephenson v. State, supra (Ind.). But 24 Corpus Juris Secundum, Criminal Law, § 1606(e) (2), uses that case to support a statement in the text that pending an appeal the court which rendered the judgment has no jurisdiction to entertain such a petition, but it may do so after a remittitur. That text does not mention that feature of the opinion which says that this may be done by permission of the appellate court while the case is pending on appeal. That court did not have before it such a situation, and no other court has so stated, so far as we have discovered.

We think that to permit such a proceeding to progress in the circuit court pending an appeal to the Court of Appeals or to this Court is contrary to the orderly procedure in such matters, as we noted in Kinney v. White, supra, and others cited above. No one ever thought of filing a bill in equity to set aside a civil judgment at law, while there was pending an appeal from that judgment (see, Equity Rule 66, Code 1940, Tit. 7 Appendix), or to make a motion under the four months statute.

We think the petition to the circuit court for the writ was properly dismissed because that court had no jurisdiction to hear it while the appeal was pending and undisposed of, though the motion to dismiss did not assign that as a ground. If that court had no jurisdiction of the subject matter at that time, the dismissal was not erroneous. The judgment of the Court of Appeals reversing that judgment cannot therefore be sustained. Gibson v. Edwards, 245 Ala. 334, 16 So.2d 865.

The result is that we should set aside and vacate the judgment of reversal by the Court of Appeals, and remand the case to the Court of Appeals so that it may dismiss this appeal (Gibson v. Edwards, supra), thereby leaving in force and effect the judgment of the circuit court dismissing the petition for the writ, but without prejudice to the right of petitioner to begin a new petition if the main case is finally affirmed and if leave to do so is granted by the Court of Appeals. It is so ordered.

The judgment of reversal rendered by the Court of Appeals is set aside; and the cause remanded to the Court of Appeals so that it may dismiss the appeal in this proceeding, but without prejudice.

All the Justices concur.