138 So.2d 55

**Sterling RIVERS**

v.

**STATE.**

I Div. 875.

Court of Appeals of Alabama.

Feb. 13, 1962.

McDermott & Slepian, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant was convicted of the offense of robbery in the circuit court of Washington County.

The Attorney General has filed a motion to strike the transcript of the evidence because it was not timely filed with the circuit clerk, and in the alternative has moved that the entire record be stricken and the appeal dismissed because the record was not filed here within the time required by law.

Section 827(4), Title 7, Code of Alabama 1940, as amended, provides that the court reporter's transcript of the evidence must be filed with the clerk of the circuit court within sixty days from the date the appeal is taken, or within sixty days from the court's ruling on the motion for a new trial, whichever date is later.

The appeal was taken on April 12, 1961. On May 12, 1961, a motion for a new trial was filed. No order pertaining to the motion was made until May 15, 1961, when

it was continued to May 24, 1961. The motion was overruled on May 26, 1961.

 The cause was determined and the judgment entered on April 12, 1961. Where, as here, the trial judge resides in the county of trial, the order continuing the hearing on the motion for a new trial to a future day must be entered within thirty days from the judgment. Central of Georgia Railway Company v. McDaniel, 262 Ala. 227, 78 So.2d 290; Pate v. State, 244 Ala. 396, 14 So.2d 251; Evett v. State, 29 Ala.App. 370, 196 So. 170.

There being no' valid ruling on the motion for a new trial, the time for filing the transcript of the evidence must be computed from April 12, 1961, the date of the taking of the appeal. Relf v. State, 267 Ala. 3, 99 So.2d 216; Clark v. State, 38 Ala.App. 480, 87 So.2d 669.

On July 11, 1961, the trial court extended the time for filing for a period of thirty days. Therefore, the transcript of the evidence was due to be filed with the circuit clerk ninety days after April 12, 1961. It was filed on August 10, 1961, which was some 120 days after the appeal was taken.

The motion to strike the transcript of the evidence is well taken and must be granted.

The appellant had sixty days from the time the transcript of the evidence could or should have been filed in the circuit court in which to file the record proper in this court. Supreme Court Rule 37; Relf v. State, supra; Holcombe v. State, 40 Ala.App. 205, 110 So.2d 342, Colburn v. State, 40 Ala.App. 248, 112 So.2d 800. The transcript of the evidence could or should have been filed not later than July 11, 1961, and the entire record should have been filed in this court within sixty days thereafter. The record was not filed in this court until October 9, 1961.

On January 8, 1962, the appellant filed "application for extension of time for filing transcript of record (If before submission of the cause by this court)." He states "(and this application is made only upon the assumption that this Honorable court has not taken this cause under submission, City of Athens v. Cook, 269 Ala. 364, 113 So.2d 133.)" The Supreme Court, in the Cook case has said that application here for an extension of time for filing, under Supreme Court Rule 37, should be made before submission of the cause. The cause was submitted in this court on January 4, 1962, upon the State's motion and on the merits. Therefore, appellant's application will not be considered.

The motion to strike the entire record must be granted and the appeal dismissed.

Appeal dismissed.