154 So.2d 923

**JOHNSEY-REED BROTHERS COAL COMPANY, Inc., et al.**

v.

**R. W. SANDERS et al.**

6 Div. 877.

Supreme Court of Alabama.

Jan. 10, 1963.

Rehearing Denied July 25, 1963.

Wiggins & Wiggins, Fite & Fite and Arthur Fite, Jr., Jasper, for appellant Johnsey-Reed Brothers.

Curtis, Maddox & MacLaurin, Jasper, for appellant Russell Coal & Clay Co.

T. K. Selman and Hugh Beaird, Jasper, for appellees.

GOODWYN, Justice.

Appellees filed a suit in the Circuit Court of Walker County against appellants to recover damages allegedly resulting from blasting operations. The jury returned a verdict in favor of appellees and judgment thereon was rendered on November 16, 1961.

On December 15, 1961, appellant Russell Coal and Clay Company, Inc., filed a motion for a new trial. On the same day, the motion was presented to the trial judge, who entered an order continuing it until January 12, 1962.

On December 18, 1961, appellant Johnsey-Reed Brothers Coal Company, Inc., also filed a motion for a new trial. This motion was presented to the trial judge on the same day and an order was entered continuing it until January 12, 1962.

On January 2, 1962, appellants filed a supersedeas bond in the office of the Clerk of the Circuit Court superseding the judgment of November 16, 1961. This bond was approved by the Circuit Clerk on the same day it was filed.

On January 12 and 26, 1962, hearings were had on the new trial motions. The motions were taken under advisement and on February 10, 1962, judgment was rendered overruling them.

On February 19, 1962, appellants filed a "Notice of Appeal" from the judgment of November 16, 1961, and also from the judgment of February 10, 1962, overruling their motions for a new trial.

The transcript of the evidence was filed in the office of the Clerk of the Circuit Court on April 9, 1962. The record discloses no request for an extension of time for filing said transcript.

The record was filed in the office of the Clerk of the Supreme Court on May 30, 1962. The case was submitted on July 30, 1962.

Appellees have filed, and strenuously insist upon, a motion "to strike the court reporter's transcript of the evidence and, in the alternative, to strike the entire record and dismiss the appeal * * * and affirm the judgment of the trial court." The grounds of the motion may be stated succinctly as follows: That an appeal from the final judgment of November 16, 1961, was perfected by appellants on January 2, 1962, when they filed, and obtained approval of, their supersedeas bond; that this had the effect of divesting the Circuit Court of further jurisdiction over the motions for a new trial, thus rendering void any action thereafter taken by that court on said motions, that, accordingly, the time for filing the transcript of the evidence in the Circuit Clerk's office, and the record in the office of the Clerk of the Supreme Court, must be reckoned from the taking of the appeal from the final judgment on January 2, 1962, and not from the judgment of February 10, 1962, overruling the motions for a new trial; that, under the provisions of Act No. 461,

appvd. July 12, 1943 (Gen.Acts 1943, p. 423), as amended, (included in Recompiled Code 1958 as §§ 827(1) to 827(6) of Tit. 7), the transcript of the evidence should have been filed in the Circuit Clerk's office within sixty days after January 2, 1962, that is, by March 3, 1962, since there was no extension of time for filing it; that the filing of said transcript on April 9, 1962, came too late, thus necessitating that it be stricken; that the time for filing the record in the office of the Clerk of the Supreme Court was sixty days from and after March 3, 1962, the date the transcript of the evidence should have been filed in the Circuit Clerk's office; that although said sixty-day period ended on May 2, 1962, the record was not filed here until May 30, 1962; that there has been no extension of time for filing the record, and that failure to file the record within the prescribed period necessitates a dismissal of the appeal.

While it is distasteful to have to dispose of an appeal on a purely procedural question, we have no alternative in this case. Appellees' position is solidly supported by the authorities.

 Code 1940, Tit. 7, § 766, provides that one way of taking an appeal in a civil case is "by giving and having approved a supersedeas bond conditioned as required by law." There is no question that the bond filed by appellants, and approved by the Circuit Clerk, is a "supersedeas bond conditioned as required by law." Code 1940, Tit. 7, § 793. Accordingly, when appellants filed said bond on January 2, 1962, and had it approved at that time, an appeal from the judgment of November 16, 1961, was perfected. A crucial question, then, is whether the trial court was thereby divested of jurisdiction to act on appellants' motions for a new trial. This precise question was decided in MacMahon v. Dozier, 237 Ala. 574, 187 So. 710, where it was said:

"This appeal was taken by supersedeas appeal bond while the motion for a new trial was pending and before it was acted upon. Such appeal had the effect of removing the cause from

the jurisdiction of the circuit court, so that it had no right or power thereafter to act upon the motion. Lewis v. Martin, 210 Ala. 401, 98 So. 635; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Hudson v. Bauer Grocery Co., 105 Ala. 200, 16 So. 693."

See, also, the following later cases: Robinson v. Morrison, 272 Ala. 552, 561, 133 So. 2d 230; Brown v. State, 250 Ala. 444, 446, 35 So.2d 518; Gibson v. Edwards, 245 Ala. 334, 335, 16 So.2d 865; Johnson v. Foust, 242 Ala. 659, 660, 7 So.2d 864; Lord v. Werneth, 35 Ala.App. 290, 294, 46 So.2d 236; Rivers v. State, 41 Ala.App. 518, 138 So.2d 55, 56. Cf. Barran v. Roden, 263 Ala. 305, 307, 82 So.2d 398.

■■ Act No. 461, as amended, supra (§§ 827(1)–827(6), Tit. 7, Recompiled Code 1958), provides that the court reporter *shall* file the transcript of the evidence with the clerk "within sixty days from the date on which the appeal was taken, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later." Since the trial court was divested of authority to act on the motions for a new trial, the judgment overruling said motions was void and the date of that judgment could not serve as the date from which to calculate the time for filing the transcript of the evidence. The time for filing such transcript was within sixty days from January 2, 1962, the date on which the appeal was taken, there being no extension of time (§ 827(1a), Tit. 7, Recompiled Code 1958) for filing it. But the transcript of the evidence was not filed in the clerk's office until April 9, 1962, which was more than sixty days from January 2, 1962. Accordingly, appellees' motion to strike the transcript of the evidence must be granted. The holding in Relf v. State, 267 Ala. 3, 5, 99 So.2d 216, is conclusive to that end. As there stated:

"Act No. 886, Acts of Alabama 1951, p. 1527, listed in the Pocket Part of the Code as Tit. 7, §§ 827(1)–827(6), as amended by Act No. 97, Acts of Alabama Special Sessions 1956, p. 143, provides that the court reporter's transcript of the evidence must be filed with the clerk of the circuit court within sixty days from the date on which the appeal was taken; or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later.

"* * * Since there was no [valid] judgment on the motion [for a new trial], there was no new point of departure from which the time for filing the transcript of the evidence could begin to run. The time, therefore, must be dated back to the date on which the appeal is taken. Stallings v. Clark, 218 Ala. 31, 117 So. 467; Folmar v. First Nat. Bank of Montgomery, 223 Ala. 625, 137 So. 777; Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290. See Richards v. Williams, 231 Ala. 450, 165 So. 820; Merritt v. Carter, 243 Ala. 272, 9 So.2d 779; Pate v. State, 244 Ala. 396, 14 So.2d 251.

"Applying the law of these cases to the facts in the instant case, it follows that the transcript of the evidence should have been filed within sixty days after October 22, 1956 [January 2, 1962], unless the time was extended by the trial court for cause. It was not filed until May 2, 1957 [April 9, 1962], more than four months [thirty days] after it was due, and there is nothing in the record showing that the period of time for filing the transcript with the clerk was 'extended by the trial court for cause' as provided by the statute. The motion to strike the transcript of the evidence must be granted. Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247; McDaniel v. State, [39] Ala.App. [157], 96 So.2d 319." (Brackets added to show corresponding dates in case before us.)

Amended Rule 37 of the Revised Rules of Practice in the Supreme Court (263 Ala. XXI; Recompiled Code 1958, Tit. 7, Appendix, page 1176) provides as follows:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the taking of the appeal. Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for a good and sufficient reason. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order."

As already noted, the appeal was taken on January 2, 1962; the sixtieth day thereafter was March 3, 1962; and the record was filed here on May 30, 1962. No extension of time for filing the record was requested in the trial court or in this court.

The holding in Relf v. State, supra, is also controlling on the question whether the record was timely filed in this court. As there said:

"Rule 37 clearly requires the filing of the transcript of the record in this court within sixty days from two possible dates. The first date is the actual establishment of the bill of exceptions or the transcript of the testimony. The procedure for establishing the bill of exceptions or the transcript of the evidence is set out in the 1940 Code, Pocket Part, listed as Tit. 7, § 827(1a). Usually, no objections are made and in that event, the correctness of the transcript of the evidence is conclusively presumed as of the date of its filing. Section 827(1a), supra. There should be no difficulty in arriving at the correct date from which the sixty days begin to run.

"The second date is more difficult to set. It is pertinent in the instant case. If a transcript of the evidence is sought under Tit. 7, § 827(1), but is not filed or established, or, if, as here, it is established too late (which amounts to the same thing as not established at all), what is the date from which the sixty days begin to run? We set that date as the last day upon which the transcript of evidence could or should have been filed by the court reporter with the circuit clerk. The court reporter had sixty days after October 22, 1956 [January 2, 1962], to file the transcript of the evidence, no extension of time having been sought, and the sixtieth day was December 21, 1956 [March 3, 1962]. Therefore, the transcript of the record should have been filed here sixty days after December 21st [March 3rd], no extension of time having been sought under Supreme Court Rule 37, which would have been February 19, 1957 [May 2, 1962.]" [Brackets added to show corresponding dates in case before us.]

We have no alternative but to grant the motion to strike the transcript of the evidence and to dismiss the appeal.

Transcript of evidence stricken.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.