This is a divorce case.
The husband filed a complaint seeking a divorce on the ground of incompatibility of temperament and, after a hearing, the court granted the parties a divorce, ordered the marital residence sold and the proceeds divided equally, divided the parties' personal property, gave Mrs. Farmer one-half of the money in a bank account, i.e. $150.00, and awarded her an attorney's fee of $750.00. The wife appealed. Her motion for new trial was overruled after the notice of appeal was filed with this court.
The facts show that this marriage lasted ten years. Both parties had been married prior to their marriage. The husband had two children by the former marriage who were adults at the time of the present divorce. The wife had one child, a son, by the former marriage who was still a minor.
Shortly after the parties married, the husband sold his house and the parties purchased a new house. The ownership was joint with right of survivorship.
The evidence is in sharp conflict as to how much money each party contributed to the down payment on the house, which was $20,000.00, but there is evidence in the record to support a finding that each party contributed $10,000.00 to the down payment.
The remaining amount on the purchase price, i.e. $7,000.00 has been paid and the property is debt-free. The testimony was to the effect that the $7,000.00 was paid by monthly payments from a bank account into which the husband's paycheck and the wife's son's social security check had been deposited. Of course, this same bank account was used to pay the other living expenses of the parties. *Page 725 
The husband is employed and earns a take-home pay of about $600 every two weeks. The wife had been unemployed until the parties separated; since the separation she has been working part time in a dry cleaning establishment. The wife says she has back problems and cannot work full time.
Prior to a consideration of the merits, we will decide the husband's suggestion that the appeal should be dismissed because this court lacks jurisdiction.
The husband says that the appeal was prematurely taken for the reason that the judgment appealed from was not final.
The wife filed a motion for new trial within the authorized time after the decree on the merits and then, before a ruling on the motion was handed down, filed an appeal from the divorce decree. The husband contends that until the motion is decided either by the court or by operation of law, there is no final judgment from which an appeal can be taken. And, since the appeal was taken by the wife from the decree before the court denied her motion for new trial, the appeal was not from a final judgment; hence the appeal was premature.
In Johnson v. Foust, 242 Ala. 659, 7 So.2d 864 (1942) the supreme court said:
 We have not failed to take note of the case of Housing Authority v. Abney, 241 Ala. 256, 2 So.2d 428, to the effect that a motion for a new trial timely made and continued suspends the finality of the judgment for the purpose of an appeal. In that case the appeal was taken by the party who had not made the motion for a new trial, and while the court held jurisdiction by reason of the motion by his adversary.
 In the case of MacMahon v. Dozier, 237 Ala. 574, 187 So. 710, the appeal was taken by the party who had made the motion for a new trial, and we held that jurisdiction was thereby withdrawn from the circuit court to act on the motion for a new trial. The effect being that a movant for a new trial can withdraw or dismiss or discontinue his motion and take an appeal, and that if he appeals without doing so, the effect is to discontinue the motion for a new trial, reinstate the judgment and appeal from it, all in one operation.
In the instant case the wife was not only the appellant but she was also the movant. The effect, therefore, of the wife's appeal prior to a ruling on her new trial motion was to withdraw from the trial court the authority to rule on her motion. United Insurance Co. of America v. Pounders, 279 Ala. 410, 186 So.2d 125 (1966).
The appeal will not be dismissed but the ruling on the motion for new trial will not be considered.
The wife's first issue is that she failed to receive an equitable distribution of the proceeds of the sale of the marital home. She also says that the trial court included her separate estate in the property division.
The division of property, after consideration of the equities and contribution by the parties, is a matter for the discretion of the trial court, and will not be disturbed on appeal except upon a showing of palpable abuse. Kirk v. Kirk, Ala.Civ.App.,371 So.2d 54 (1979).
The parties were married for ten years. The evidence shows that when the parties were first married they lived in a house owned by the husband. Later this house was sold and a new one was purchased in the joint names of the parties. The purchase price was $27,000.00; $20,000.00 was paid down and the balance of $7,000.00 was to be paid off in monthly installments.
The evidence is in conflict as to the contribution made by each party to the down payment. The wife testified that she contributed about $7,000 out of her personal funds to the down payment, whereas the husband stated that each one paid $10,000 on the down payment.
The monthly payments on the $7,000.00 balance were made from a checking account into which the husband placed his paycheck for the family living expenses, and the wife's minor son by another marriage placed his social security check. *Page 726 
The value of the house, at the time of trial was estimated to be between $40,000 and $60,000 and there was no indebtedness outstanding on it.
The trial court ordered the property sold and the proceeds divided equally. We find no error in this aspect of the judgment.
The wife says that she should have been awarded more than fifty percent of the sale proceeds because her separate property, i.e. about $17,000 in cash, was contributed to the purchase of the house. We find this contention unpersuasive. The wife contributed her money towards the purchase of the house as did the husband, they took title in their joint names and they lived in the house during the remainder of their marriage. Certainly this was a contribution to the marriage estate and was subject to distribution by the court and could not be considered as a part of her "separate estate." See Kingv. King, Ala.Civ.App., 367 So.2d 492 (1979); Campbell v.Campbell, 51 Ala. App. 295, 285 So.2d 105 (1973).
Finally the wife says that the court erred in not awarding her any periodic alimony.
The decision to award or not to award periodic alimony depends on the relevant facts in each case and is within the discretion of the trial court. Hardwick v. Hardwick,55 Ala. App. 156, 314 So.2d 76 (1975). The exercise of such discretion will not be reversed except for a plain and palpable abuse. Miller v. Miller, Ala.Civ.App., 361 So.2d 577 (1978).
The facts show that the marriage was of ten years' duration. The wife received a fair property settlement and she is working part time. She did say, however, that she suffered from back problems. Her minor son lives with her and he receives over $300.00 monthly in social security benefits.
The evidence shows that the wife's minor son physically attacked the husband and, as a result, the husband left the marital home. The record also shows that after the husband left the house, the wife's boyfriend moved into the house.
Based on this evidence we are unable to say that the trial court abused its discretion by not awarding the wife periodic alimony.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.