BRADLEY, Judge.
The dispositive issue before this court is whether the trial court improperly dismissed husband’s posttrial motion filed timely but filed after the wife had filed notice of appeal from the final judgment.
The facts pertinent to this issue show that the trial court rendered a final judgment on the merits on December 17, 1985. The wife filed a notice of appeal on January 14, 1986. The husband filed a Rule 59(e), Alabama Rules of Civil Procedure, motion on January 15, 1986. The trial court dismissed the posttrial motion on February 10, 1986. The husband filed a notice of appeal from the February 10 ruling on March 21, 1986. The wife has filed a motion in this court asking that the husband’s appeal be dismissed as not being timely filed.
Husband argues here that the time for appealing was tolled by his timely filed posttrial motion, and that he has forty-two days from the date his posttrial motion is ruled on by the court or the expiration of ninety days therefrom by operation of Rule 59.1, A.R.Civ.P., whichever one occurs first in which to appeal.
The general rule is that once an appeal is taken the trial court loses jurisdiction to act except in matters entirely collateral to the appeal. Ward v. Ullery, 412 So.2d 796 (Ala.Civ.App.1982). However, if a notice of appeal is filed by one party after a motion for new trial has been timely filed by the other party, the trial court retains jurisdiction to rule on the posttrial motion because the timely filed posttrial motion suspends the finality of the judgment for the purpose of appeal. See, Housing Authority v. Abney, 241 Ala. 256, 2 So.2d 428 (1941). See also, Johnson v. Foust, 242 Ala. 659, 7 So.2d 864 (1942). See generally, Sine v. Local No. 992, International Brotherhood of Teamsters, 790 F.2d 1095 (4th Cir.1986); Elgen Manufacturing Corp. v. Ventfabrics, Inc., 314 F.2d 440 (7th Cir.1963).
In the case at bar the wife’s appeal was filed before the posttrial motion was filed, although the posttrial motion was filed within thirty days of the final judgment. *507 We do not believe that this situation should be treated differently than the one in Housing Authority v. Abney, supra.
In Homing Authority v. Abney, the supreme court held that a timely filed posttrial motion entitled that party to a ruling on his motion and that the other party could not prevent such a ruling by filing a notice of appeal. Similarly, we do not believe that one party should be able to deprive the other party of the right to file a posttrial motion by filing a notice of appeal before the other party can file his posttrial motion.
Rule 59, A.R.Civ.P., gives a party the right to file a posttrial motion within thirty days of the entry of a final judgment. However, Rule 59 does not provide that the posttrial motion must be filed before the other party can appeal. In fact, our rules as a whole fail to specifically address the effect of the filing of such a posttrial motion upon the right of an appeal.
Equity and justice can be served only by giving a posttrial movant the full thirty days authorized by the rule in which to file his motion. Otherwise, one party could cut off the other party’s right to file a posttrial motion by filing a notice of appeal before the other party could file his posttrial motion. Such a construction would not be in keeping with the spirit of the rules of civil procedure. Moreover, it would create unseemly races to the courthouse, and such was certainly not envisioned by the writers of the rules.
We, therefore, conclude that a party has thirty days from the entry of a final judgment in which to file a posttrial motion and that the other party cannot deprive such party of that right by filing a notice of appeal before such party files his post-trial motion.
In the case at bar the husband’s posttrial motion was timely filed, thereby entitling him to a ruling thereon by the trial court. Thus, the wife could not deprive husband of such right by filing a notice of appeal before the husband timely filed his posttrial motion. The trial court improperly dismissed the husband’s posttrial motion. For this error, the judgment is reversed and the cause remanded for further proceedings.
Wife’s appeál is premature and is, therefore, dismissed.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.