HARRIS, Presiding Judge.
This is an appeal from the denial of a petition for writ of error coram nobis seeking to overturn a robbery conviction in 1978 *1090 and a twenty-five year sentence in the penitentiary.
The original conviction was affirmed by this court on June 17,1980. Rehearing was denied on July 29, 1980, and certiorari was denied by the Supreme Court on October 31, 1980. Robinson v. State, Ala.Cr.App., 389 So.2d 144, writ denied, Ala., 389 So.2d 151.
While the case was pending on appeal appellant filed a petition for writ of error coram nobis. The petition was filed on May 14, 1980, and was denied on the same day on the ground the trial court was without jurisdiction as the case was on appeal.
In Summers v. State, Ala.Cr.App., 366 So.2d 336, this court held: “A petition for writ of error coram nobis will not be granted and is premature if filed while an appeal is pending.” Writ denied, Ala., 366 So.2d 346.
Appellant alleges that after he was convicted he filed a motion for a new trial on the ground of newly discovered evidence. On the hearing of the motion for a new trial appellant presented the testimony of Forrest Allen Spears who testified that he alone committed the robbery and that appellant was not in the car at the time of the robbery and did not participate in planning the robbery. However, the victim of the robbery made a positive identification of Robinson as the robber.
The testimony of Spears left much to be desired as he was uncertain as to the details of the robbery and refused to state who his companions were who did participate in the robbery. He had known Robinson for five years and they were cell mates for a period of time following the crime, and he certainly had every reason to give false testimony. Robinson v. State, supra.
Under Summers v. State, supra, and the cases therein cited, the order of the trial court in denying the petition in this case is correct and is due to be affirmed.
AFFIRMED.
All the Judges concur.