McMILLAN, Judge.
From a denial of appellant’s pro se motion for new trial and petition for writ of error coram nobis, this appeal follows. For the reasons outlined below, this appeal is due to be dismissed.
On June 11, 1985, the appellant filed a pro se document, in the form of a letter, addressed to the circuit clerk, stating:. “I wish to file motion for a new trial on [sic] the United States Constitution. I also wish to file error corum [sic] nobis.” The allegations of the “petition” are as follows:
1. “Denial effective counsel
2. “Fair and speedy trial — I was arrested September 12, 1984. I went to trial February 13, 1985.
4. [sic] “Cruel and unusual punishment. I did kill a child in a car accident but I received life imprisonment and it was an accident.”
On the same day that the “petition” was filed, the Honorable G.H. Wright, Jr., Circuit Judge, Lee County, Alabama, entered an order “denying defendant’s motion for a new trial and petition for writ of error coram nobis”. The order states, in part, as follows:
“Inasmuch as the defendant has already filed notice of appeal on May 20, 1985 and the court has ordered that a free transcript be furnished to her attorneys of record to aid them in the appeal of the case, it is the opinion of the court that the defendant’s motion for new trial and petition for writ of error coram nobis should be denied in that these are matters that should properly be taken up on the appeal of the case.”
It is from this denial that the present appeal follows.
Appellant has failed to file a brief with this court setting out those issues which are raised by the action of the trial court. Thus, under Rule 45B, Alabama Rules of Appellate Procedure, no legal issues are raised on appeal. However, since it would appear that a direct appeal of the underlying conviction is presently before this court, it is apparent that the petition for writ of error coram nobis is premature, under the authority of Summers v. State, 366 So.2d 336, 340 (Ala.Cr.App.1978), cert. denied, 366 So.2d 346 (Ala.1979). Since the conviction is presently on appeal, the trial court is without jurisdiction to consider the matters presented by the motion and petition. Robinson v. State, 396 So.2d 1089, 1090 (Ala.Cr.App.1981). See also: Lovell v. State, 344 So.2d 826 (Ala.Cr.App.1977); Ex parte Pugh, 441 So.2d 126, 127 (Ala.1983). Thus, the appeal is due to be dismissed. Vincent v. State, 284 Ala. 242, 244, 224 So.2d 601, 603 (1969); Brown v. State, 250 Ala. 444, 35 So.2d 518 (1948).
DISMISSED.
All the Judges concur.